## CHUNG YOW *v.* HOP CHONG, ET AL.

LANDLORD AND TENANT—FORCIBLE ENTRY AND DETAINER—COMPLAINT.—
A complaint in an action of forcible entry and detainer is sufficient
which contains the allegations prescribed by the statute giving the rem-
edy. It is not essential to aver service of notice to quit.

IDEM—SERVICE OF NOTICE TO QUIT.—Service of notice to quit in such
action may be proved by parol testimony, as any other fact in the case.

IDEM—LEASE—RIGHT OF LESSEE TO ENTER.—A valid lease of real property
entitles the lessee to enter at any time during the term stipulated for
without any further act on the part of his lessor; and the execution of
such lease is a complete ·'leasing'' of the premises even before entry by
the lessee.

APPEAL from Multnomah County.

*W. W. Thayer* and *H. T. Bingham*, for appellants.

*Adams & Welty*, for respondent.

By the Court, WATSON, C. J.:

This is an action of forcible entry and detainer, under
the statute. The respondent's right to the premises in con-
troversy is derived from a lease from a Chinese association
known as the "Joss House Company," and he claims to
have sublet to the appellants by the month, and to have
given them regular notice to quit, as prescribed by the stat-
ute, before commencing the action. Appellants deny all
these allegations, and, as separate defences, aver three years
quiet and uninterrupted possession in themselves, prior to
the commencement of the action, and payment of rent in
advance to the "owners and lessors" of the premises at the
time the action was begun, all of which is put in issue by
the respondent. A great many errors are assigned in the
notice of appeal, but only such as are discussed in the printed
argument for appellant will be considered.

1.　They contend that the complaint does not state any cause of action, because it does not allege service of notice to quit.　But the statute giving the remedy also prescribes the requisites of a sufficient complaint, and an allegation of such service is not one of them.　(Miss. Laws 1872, c. 3, § 23.)　The complaint in question exactly conforms to the statute in this respect, and must be held sufficient.

2.　The proof of service of the notice to quit was objected to by the appellants on several grounds, and the ruling of the trial court admitting it properly accepted to.　The first objection was that the evidence did not show the copy offered in proof to be a true copy.　But a witness had sworn that it was a letter-press copy of the original notice delivered by him to the appellants, and this, it seems to us, was enough to justify its admission in evidence before the jury. The second was that there was no allegation in the complaint as to such service; but that has already been passed upon. The third was that service of such a notice could not be proved by parol testimony, but only by affidavit or official certificate.　And counsel for appellants cite section 507 of the code, and Wood, Landl. & T., 991, 992, in support of the position.　But the code provision, as well as the authority refered to, applies only to notices given in judicial proceedings, and consequently has no bearing on the question.　Service in such case must therefore be proved, as any other fact essential to the cause of action, and parol testimony is admissible for the purpose.　The fourth was that the description of the premises in the notice was insufficient.　The notice describes them as "the premises situated on the west side of Second street, between Alder and Morrison streets, Portland Oregon, occupied by you as a store." It is not claimed for appellants that there was any mistake in the description, or that they were misled by it, and we

think it was sufficient beyond all question.    Tayl. Landl. &
T. 483.

3.    The respondent, after a witness had testified on
his behalf that he was employed to keep the books of the
Joss House Company; that the notice of the bids which
was posted up announced that if the money for the rent was
not paid up in 15 days the bid would be forfeited and the
building would be relet; that he copied a portion of the no-
tice, embracing this and other rules, from a book which one
Too Farn, as agent of the Joss House Company, had in his
possession, and that they were the rules of the Joss House
Association, and the board upon which they were painted
in Chinese characters hung in the Joss House,—offered
said board, with regulations thereon, in evidence.    Appel-
lants objected to the admission of the evidence upon the
ground, among others, that the proof was not sufficient to
show that the Joss House Company had ever adopted such
rules.    The court below overruled the objection, and we
think very properly.    If the testimony introduced by the
respondent to lay a foundation for the admission of the
board was the only evidence upon the subject, the jury
could hardly fail to conclude that the Joss House Company
had in fact adopted the regulations painted upon it; and
the court did not err in submitting it to them upon such
proofs.    The other objections made by the appellants to
the admission of this evidence cannot be considered here, for
the simple reason that the facts upon which they purport
to be founded do not appear from the bill of exceptions.
It is hardly necessary to say that a statement of a fact in an
objection made at the trial in the lower court is no evidence
of the existence of such fact on the hearing in this court.

4.    But the principal question arises upon exceptions
taken by the appellants to certain rulings of the lower court

in giving and refusing instructions to the jury. At the request of the respondent, the court charged the jury that if a written notice, inviting bids for a lease of the premises, was posted up by the manager of the Joss House Company, and in pursuance thereof respondent handed in a bid in writing, offering $96 per month for the same, which was accepted by the manager, and a written notice posted up by him to the effect that respondent was the highest bidder, and entitled to the possession of the premises, then this would constitute a valid contract of leasing between the Joss House Company and the respondent, and they could not relet the premises to the appellants, or any one else, without the lease to the respondent being first terminated. The appellants thereupon requested the court to instruct the jury that such acts alone would not constitute a leasing so as to entitle the respondent to maintain the action, which was refused, and an exception saved. It is not very clear what was intended by the last instruction. Counsel for appellants contend that the court below, in effect, held that the respondent could recover in the action without ever having made an entry, or receiving investure of the premises. But we do not think this is a correct view of the ruling of the lower court. The instruction refused presented a question as to the sufficiency of the leasing. Now, if the acts specified in the instruction constituted a valid contract for the possession of the premises, which we do not doubt in the least, then there was a lease of the premises, and a complete leasing, so far as the Joss House Company was concerned. The lease gave the respondent the right of possession, together with the right of entry to invest himself with the possession, and no further act on the part of the Joss House Company was requisite. Tayl. Landl. & T. 15. But the premises were leased, and the leasing was complete,

before entry. The respondent, at any time during his term, could enter, or authorize his under-tenants to do so, or, finding them in possession, could make a valid under-lease to them; and, in either of the latter events, the relation of landlord and tenant would be created between them. The leasing was sufficient to enable the respondent to create this relation without any further act on the part of his lessor, the Joss House Company, and this action is based upon the fact that he did create such relation between the appellants and himself. Now, it seems to us that this is just the effect which the instruction under consideration would deny to the leasing from the Joss House Company. It declares that the respondent cannot maintain this action under such a leasing to himself in the first place; that is, as we interpret it, that he derived no such right through his lease by itself from the Joss House Company as would enable him to make a valid under-lease to the appellants, and create the relation of landlord and tenant between them. But, as he did obtain such right, in our judgment the instruction went entirely too far, and was properly refused. That the remedy, by an action of this character is proper where the relation of landlord and tenant exists, will not be disputed, as it is expressly given by statute in such cases.

5.   The appellants' claim, finally, that the evidence, as shown by the bill of exceptions, conclusively establishes the fact that the rent for the premises was paid in advance when the action was begun. This was, however, a question of fact for the jury, and the point which the appellants now seek to raise does not appear from the record. It has been settled by previous decisions in this court that a motion for a new trial is no part of the record which can be considered on appeal, unless made so by a bill of exceptions. (*Oregonian Ry. Co.* v. *Wright,* 10 Or., 162.) And that has not

been done in this case. This point is not, therefore, before us, and cannot be examined.

The judgment is affirmed.