Decided 4 December, 1906.

## AMORT v. SCHOOL DISTRICT.

### 87 Pac. 761.

SCHOOL DISTRICTS—SPECIAL MEETINGS—PROOF OF POSTING NOTICES.

1. Under Section 3380, B. & C. Comp., relative to notices of school meetings, and Section 3395, relative to the duties of clerks of school districts, it is part of the official duty of a school clerk to post notices for special meetings, and his official record is sufficient evidence of what he did.

SCHOOL MEETINGS—AFFIDAVIT OF POSTING NOTICES.

2. Sections 538 and 539, B. & C. Comp., requiring proof of the service of a summons to be by affidavit, do not apply to the proof of posting notices of school meetings.

SCHOOL DISTRICTS—ADVERTISING FOR SUBSCRIPTIONS FOR INDEBTEDNESS.

3. The board of directors of a school district may advertise for subscriptions for the indebtedness of the district in such amounts as it may deem advisable.

SCHOOLS—RECORD EVIDENCE OF AMOUNT OF INDEBTEDNESS.

4. It is not necessary to the validity of an obligation of a school district that it appear by the records of the clerk that the indebtedness does not exceed the legal limit, that matter being determinable from the assessment.

From Marion: WILLIAM GALLOWAY, Judge.

Writ of review by John Amort against School District No. 80 and others to review the validity of the proceedings of the school district in determining to erect a school building and incurring an indebtedness therefor. From a decree in favor of plaintiff, defendants appeal.        REVERSED.

For appellants there was a brief with oral arguments by *Mr. John A. Carson* and *Mr. Anderson M. Cannon.*

For respondents there was a brief over the name of *W. H.* and *Webster Holmes,* with an oral argument by *Mr. William Henry Holmes.*

Mr. Chief Justice Bean delivered the opinion.

This is a writ of review, challenging the validity of the proceedings of the defendant school district in the matter of the erection of a school building and the incurring of an indebtedness therefor. On February 20 1906, there was presented to the board of directors a petition signed by a number of the legal voters asking the board to call a special meeting of the electors for the following purposes: First, to erect, complete and fit for occupancy a new school building upon the site of the present schoolhouse of district No. 80, at a cost of not less than $1,400, nor to exceed $1,700; second, to determine ways and means most desirable for securing the funds for this purpose. On February 22d, the prayer of the petitioners was granted, and the clerk was instructed by the board to post notices calling a meeting of the electors and stating the purpose thereof for Monday, March 5th, at 1:30 o'clock p. m., and the record recites:

"Pursuant to the foregoing order of the board of directors, the clerk of the district prepared and posted in three public places within the boundaries of said district more than ten days prior to the date of said meeting on March 5 1906, a notice of said special school meeting, which was read at the said meeting of March 5, 1906, by the clerk and which was and is in words and figures as follows, to wit.".

A meeting of the electors was held at the time and place specified in the notice and it was voted to erect a new school building as proposed therein and to issue warants therefor at the best rate of interest obtainable, not to exceed 7 per cent per annum, such warrants to be paid from the tax levy of 1906. On April 10, 1906, the clerk was authorized and instructed by the board to post notices as provided by law, inviting subscriptions from the bona fide residents of the district to the amount of $800 for the purpose of proceeding with the erection of the schoolhouse. On

June 6, 1906, at a meeting of the board of directors, all the members being present, the clerk was ordered and instructed to forthwith enter of record the notice of the meeting held March 5, 1906, which was accordingly done, and the record, as signed by the chairman of the board and the clerk, after setting out the notice in full, proceeds:

"The notice above referred to was posted in three public places as follows: One notice was posted on the schoolhouse front door, and one at the door of the postoffice building, Shaw, Or., and one at the junction of the county roads of the B. C. McCrory farm, all being in the School District No. 80, and said notices were posted in public places so as to be seen and read by the traveling public, and the said notices were posted more than ten days prior to the 5th day of March, 1906. A copy of said notice was read at said meeting March 5, 1906."

Thereafter this proceeding was instituted to vacate and annul the proceedings of the school meeting and the subsequent action of the board in reference thereto, on the ground principally that there was no legal proof of the posting of the notices calling such special meeting, because the record does not disclose that it was made by the affidavit of the clerk.

1. The statute provides that the board of directors of a school district shall cause the clerk to post written notices of all regular and special meetings "in three public places in the district at least ten days before the day appointed for said meeting:" B. & C. Comp. § 3380. There is no statute requiring the proof of such posting to be made in any particular manner, and, in our opinion, it is sufficient if it appears from the records of the district and board meetings kept by the clerk that the notice was, in fact, posted as required by law. It was the duty of the clerk to give the notice and to keep such record: B. & C. Comp. § 3395. The posting of the notices by him is, therefore, in pursuance of his official duty, and an entry by him in the record of the time and places where posted is equivalent to his certificate and sufficient proof of such posting.

2. Sections 538, 539, B. & C. Comp., have no application to a case of this kind. They are a part of the Code of Civil Procedure, and have reference to the service of notices and other

papers upon a party or his attorney in actions, suits or proceedings.

3. The board was not required to advertise at one time for subscriptions for the entire amount of the indebtedness it was authorized to incur for the erection of the school building.

4. Nor was it fatal to the proceedings that the records of the school meeting do not show that the indebtedness authorized to be incurred in the building of the schoolhouse does not exceed 5 per cent of the taxable property of the district. That was a matter to be determined from the assessment and not the minutes of the school meeting.

The decree of the court below will be reversed, and the writ of review quashed.　　　　　　　　　　　　　　REVERSED.

---

Decided 4 December, 1906.