On motion to dismiss appeal. Appeal dismissed November 27, motion for reconsideration of motion to dismiss appeal denied December 18, 1928.

## THE CITY OF PORTLAND v. SARAH PALMER RICHARDSON ET AL.

(272 Pac. 259.)

For the motion, *Mr. C. O. Fenlason.*

*Contra, Mr. C. A. Applegren.*

BROWN, J.—This is a motion to dismiss an appeal, based upon the alleged failure of the appellant to pursue the remedy prescribed by Section 554, Or. L., as amended by Chapter 316, Gen. Laws of Or., 1927. Among other things, this section provides:

"Upon the appeal being perfected the appellant shall, within thirty days thereafter, file with the clerk of the appellate court a transcript or * * abstract * * .

"If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge

thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same, but such order shall be made within the time allowed to file transcripts, *and only after three days' notice has been given to the opposing party;* provided, that nothing contained in this act shall prevent the trial court or a justice of the supreme court from permitting an extension of time for the filing of a transcript in any appeal, at any time in accordance with and upon written stipulation and agreement of the attorneys for all of the parties in interest.''

The respondent's motion asserts that, within the thirty days next following the perfection of his appeal, the appellant failed to have the time for filing the transcript enlarged, and that that transcript was filed long after the expiration of the time limited by law. The record discloses that the trial court did make an order attempting to enlarge the appellant's time for filing his transcript; but this order omits to show that it was made ''only after three days' notice (or any other notice) had been given to the opposing party.''

In an attempt to support the order made by the court, the attorney for appellant filed the following affidavit (omitting title of cause and venue):

''I, C. A. Appelgren, being first duly sworn, depose and say:

''That I am the attorney for the appellant herein;

''That more than three days before the order was made by the lower court extending the time for filing the transcript herein, I called the office of C. O. Fenlason, the attorney for the respondent herein, on the telephone, and requested to speak with said C. O. Fenlason, and the office girl answered: 'Just a minute'; whereupon I was connected with said Mr. Fenlason;

"That I then informed Mr. Fenlason that it seemed necessary for me to procure an extension of time in which to file the transcript for the reason that the court reporter had told me that it would be impossible for him to extend the testimony before the expiration of the time allowed for filing the transcript, and that at the same time I asked Mr. Fenlason if this would be satisfactory to him or if he had any objection thereto;

"That Mr. Fenlason replied thereto that it would be all right with him, and that he did not care, or words to that effect;

"That more than three days after this conversation, and finding that the reporter would be unable to finish the extension of the testimony in time, I procured the order extending the time to file transcript until October 15, 1928, informing the court that I had by phone notified the opposing counsel and that he had made no objection to the extension of the time * * ."

The respondent's counter-affidavit follows (omitting title of cause and venue):

"I, C. O. Fenlason, being first duly sworn, depose and say:

"That I have read the affidavit of C. A. Appelgren, attorney for the appellant-defendant, C. E. Gedamke, and that I have no recollection or record whatsoever of the conversation referred to and detailed in said affidavit, and deny that any such conversation, or any conversation, was had within three days, or at any time, prior to the taking of the order by said attorney for extending the time in which to file the transcript."

In the absence of the notice prescribed by Section 554, Or. L., as amended, the trial court was without jurisdiction to make the order. The order upon its face omits to state whether any notice, either verbal or written, was given to the respondent, nor was the respondent present in court at the time the order was

made. Early in the history of our commonwealth, the law-making body, realizing the frailty of human memory, prescribed the rule that notices in judicial proceedings should be in writing. In 1862, the legislative assembly of the State of Oregon passed an act entitled, "An Act to provide a Code of Civil Procedure," which was thereafter approved and became effective June 1, 1863. See Deady's Compilation of Laws of Oregon, 1845–1864, p. 139. In the matter of "Notices, and Service and Filing of Papers," that Code provided, at Section 516:

"Notices shall be in writing, and notices and other papers shall be served on the party or attorney in the manner prescribed in this title, where not otherwise provided by this Code."

This provision of law, which was taken bodily from the laws of New York (Laws of New York, 1849, § 408), has never been altered, except that the word "chapter" has been substituted for "title," as appears by Section 538, Or. L. Section 531 of the Deady Code provided that on appeal "the court or judge thereof may, upon notice to the respondent, * * by order enlarge the time for filing" the transcript. By the enactment of Gen. Laws of Or. 1899, page 229, the clause providing for service of notice upon the respondent was omitted; but that requirement was restored by Gen. Laws of Or. 1927, Chapter 316, hereinbefore referred to.

These various sections of the Code should be construed together. Clearly, Section 538, Or. L., means what it says when it declares that "notices shall be in writing." It is equally clear that the term "notice," as described in Section 554, Or. L., as amended, has reference to notice in a judicial pro-

ceeding; and, to meet the requirements of Section 538, Or. L., such notice must be in writing.

The authorities are overwhelmingly in support of this construction of the above provisions of our Code.

In 20 Stand. Ency. of Proced. 663, it is written:

"When notice is required in a judicial proceeding, a written notice is intended."

Again, in 29 Cyc. 1117, concerning the necessity for a written notice, the editors of this work say:

"Wherever notice is required or authorized by statute, written notice is understood."

On page 1118 of the same work appears this note:

"The rule is well settled that, where a notice is required or authorized by statute in any legal proceedings, the notice must be in writing: *Pearson* v. *Lovejoy,* 53 Barb. (N. Y.) 407, 35 How. Pr. 193; *McEwen* v. *Montgomery County Mut. Ins. Co.,* 5 Hill (N. Y.), 101; *In re Cooper,* 15 Johns. (N. Y.) 533."

This question was passed upon by the Iowa Supreme Court in the case of *Moore* v. *Marshalltown Opera-House Co.,* 81 Iowa, 48 (46 N. W. 751), and it was there held that, when notice is required or authorized by statute in any legal proceeding, such notice must be in writing. To like effect is the recent case of *Incorporated Town of Casey* v. *Hogue,* 204 Iowa, 3 (214 N. W. 729).

In the case of *Miller* v. *Prough,* 203 Mo. App. 413, (221 S. W. 159), the court held that, where a legal notice is required to be given as a step in legal proceedings in court or before a council or board, such notice must be in writing, for the reason that without written notice the court or board would have no record of such step.

From Ann. Cas. 1916E, 1147, we take the following:

"It may be laid down as a general rule that, wherever notice is required or authorized by law in any judicial proceeding, the notice must be in writing, although not in terms required to be written."

In 1 Hayne, New Trial and Appeal, at page 64, appears an instructive note containing a number of California cases which hold that, when the statute speaks of notice, it means written notice. However, in *Borland* v. *Thornton*, 12 Cal. 440, the court, in discussing the necessity for a notice of motion to dissolve an injunction, held that verbal notice is not such notice as the statute demands, but that the statute requires a notice in writing, "or notice in open court, of which a minute is made by the clerk." The soundness of the latter proposition was doubted in *Flateau* v. *Lubeck,* 24 Cal. 364.

That Section 538, Or. L., requiring that notice shall be in writing, is a part of our Code of Civil Procedure is settled beyond question: *Amort* v. *School Dist.*, 48 Or. 522 (87 Pac. 761). See, also, *Simpson* v. *Winegar,* 122 Or. 297 (258 Pac. 562), where this court held that notice to the respondent is a jurisdictional condition affecting appeal, which is mandatory in its terms.

It follows from the foregoing that this appeal must be dismissed.

MOTION TO DISMISS APPEAL ALLOWED.