Motion to dismiss appeal allowed by oral order January 20; rehearing denied March 31, 1931

IN RE WAGNER'S ESTATE

## BRUGGER *v.* WAGNER ET AL.

(297 P. 343)

*Walter B. Gleason,* of Portland, for appellant.
*Emil Slovarp,* of Portland, for respondents.

BEAN, C. J. This cause was dismissed on motion of respondent for the reason that the transcript of record was not filed within thirty days after the appeal was perfected, and that no valid order extending the time for filing such transcript was made, and that there was no compliance with section 7-507, Oregon Code 1930. Appellant petitions for a rehearing.

It appears that at the proper time, appellant obtained several orders of the trial court extending the

time for filing the transcript, but all were without notice to the opposing party, as provided for in subdivision 2 of section 7-507, Oregon Code 1930. See *Simpson v. Winegar,* 122 Or. 297 (258 P. 562); *City of Portland v. Richardson,* 127 Or. 455 (272 P. 259).

Appellant now contends that that portion and subject of subdivision 2 of section 1 of chapter 316, General Laws of Oregon, 1927 (now codified as section 7-507, Oregon Code 1930) providing as follows: "and only after three days' notice has been given to the opposing party" is invalid and void for the reason that the title of said chapter 316, supra, which reads as follows: "An act to amend section 554, Oregon Laws, providing for the filing of transcripts on appeal, defining such transcripts, and providing for the filing of bills of exceptions and other records on appeal, and declaring an emergency," fails to express in said title the aforesaid subject embraced in said act, and therein and hereinabove set forth and herein assailed as invalid and void; that the title of the act amended, of which section 554, Oregon Laws, was the codification, is found as chapter 320, General Laws of Oregon, 1913, and reads as follows: "An act to amend section 554 of Lord's Oregon Laws", and that the said provision of subdivision 2 of section 1 of chapter 316, General Laws of Oregon for 1927, to wit: "and only after three days' notice has been given to the opposing party" is invalid and void, in that provisions of an amendatory act which are beyond the title of the amended act are void.

Section 20, article IV of the Constitution of Oregon, ordains as follows:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall

be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.''

▮▮ This provision of the constitution is mandatory, and legislation, in order to be valid, must comply therewith: *State v. Shaw*, 22 Or. 287, 289 (29 P. 1028); *State v. Hawks*, 110 Or. 497 (222 P. 1071). Under section 20, article IV of the Constitution, although the act may embrace but one subject and matters properly connected therewith, it is not essential that the title constitute an index to all the matters contained in the act: *State v. Slusher*, 119 Or. 141 (248 P. 358).

▮ The title of chapter 316, General Laws of Oregon for 1927, codified as section 7-507, Oregon Code 1930, which is now assailed, purports to amend section 554, Oregon Laws, providing, *inter alia,* for the filing of the transcript. The provision of the act relating to the time of filing the transcript upon appeal is unquestionably germane to that part of the title ''providing for the filing of transcripts on appeal.'' The act prescribes the time in which the transcript must be filed and in subdivision 2 of section 7-507, provision is made for an order extending such time. Then comes the provision ''But such order shall be made within the time allowed to file transcripts, and only after three days' notice has been given to the opposing party.'' These amendatory words quoted constitute a restriction upon the authority of the courts or judges to enlarge the time for filing transcripts. The provision is connected with the time for filing transcripts, which subject-matter is referred to in the title. The amendment objected to is a matter properly connected with the subject expressed in the title of the amendatory act. We might also add that it is germane to the title of the

original act contained in the laws of 1862, title IV, section 531, relating to appeals, which was "An act to provide a code of civil procedure."

That part of the amendatory act which is challenged relates and is properly connected with appeals of cases in our courts. The particular provision directly affects the time for filing a transcript upon appeal. The amendment is not repugnant to section 20, article IV of the Constitution. See *Pacific Elevator Co. v. Portland*, 65 Or. 349, 385 (133 P. 72, 46 L. R. A. (N. S.) 363); *State v. Mohler*, 115 Or. 562 (237 P. 690, 239 P. 193).

The former Mr. Justice BEAN in *State v. Shaw*, supra, at page 289, said:

"* * * The departure [from the title] must be plain and manifest, and all doubts will be resolved in favor of the law. * * * If all the provisions of the law relate directly or indirectly to the same subject, are naturally connected, and are not foreign to the subject expressed in the title, they will not be held unconstitutional * * *."

All of the provisions of subdivision 2, section 7-507, Oregon Code 1930, relate directly to the same subject, that of filing the transcript. They are naturally connected and are not foreign to the subject expressed in the title. The amendment objected to is not unconstitutional.

The former decision dismissing the case is adhered to.