Motion to dismiss allowed by oral order December 19, 1933;
rehearing denied January 16, 1934

## GUENTHER *v.* HEADRICK ET AL.
### (28 P. (2d) 1088)

*Lida M. O'Bryon,* of Portland, for appellants.

*Philip Hammond,* of Oregon City, and *Chamberlain, Thomas, Kraemer & Powell,* of Portland, for respondent.

PER CURIAM. On December 19, 1933, the motion of respondent to dismiss the appeal in the above cause was, without written opinion, allowed. A petition for a rehearing has been filed by the appellants.

The facts material to the question here involved are as follows: On June 28, 1932, the circuit court for Multnomah county entered an order denying the defendants' motion to set aside the judgment entered in

the above entitled action in favor of plaintiff and against the defendants, from which order the defendants on August 27, 1932, gave notice of appeal to this court, and in due time served and filed an undertaking on appeal. On October 3, 1932, the defendants served on the attorney for the plaintiff a motion for an order extending the time in which to file the transcript on appeal ''until two weeks after the decision of the supreme court in the case of Emma Anderson v. Daniel Guenther et al.'', which motion contained a notation that it would be presented to the court the following day, to-wit: October 4, 1932. The court on October 4 made an order in accordance with the motion.

On May 31, 1933, this court rendered its opinion in the case of *Anderson v. Guenther* [144 Or. 446 (22 P. (2d) 339, 25 P. (2d) 146)], and on September 26, 1933, the petition for a rehearing was denied. Thereafter on October 10, 1933, the circuit court on the *ex parte* application of the appellants entered an order extending to October 30, 1933, the time in which to file the transcript, and on the same day the attorney for the appellants wrote to the attorney for the respondent, advising him of what had been done and enclosing a copy of the order.

The motion to dismiss the appeal is based on the ground that the order of October 10, 1933, enlarging the time in which to file the transcript, was entered without the previous three days' notice to the respondent required by § 7-507, Oregon Code 1930.

Based on the authority of *Brugger v. Wagner,* 135 Or. 615 (297 P. 343); *City of Portland v. Richardson,* 127 Or. 455 (272 P. 259); and *Simpson v. Winegar,* 122 Or. 297 (258 P. 562), the petition for a rehearing is denied. Not only once, but twice, did the appellants

attempt to procure an extension of time within which to file the transcript without giving the statutory notice. The requirements of the statute are plain and explicit regarding the authority of the court to enlarge the time within which to file the transcript and must be complied with in order to give this court jurisdiction.