Submitted on motion to dismiss appeal February 20; motion
allowed February 27; rehearing denied March 20, 1934

HORACE EDWARDS ET AL., Respondents, *v.*
MAE B. THORNE ET AL., Appellants

(29 P. (2d) 1118)

*Slattery & Slattery,* of Eugene, for the motion.
*Potter & Bailey,* of Eugene, opposed.

PER CURIAM. The respondents have filed a mo-
tion to dismiss the appeal in this action and to affirm
the judgment appealed from in the respect hereinafter
specified.

On December 27, 1933, the judgment was entered
by the circuit court in this case, in which judgment it
was stated that the defendants had, in open court,
given notice of appeal to the Supreme Court. On De-
cember 30, 1933, the undertaking on appeal was served
and filed. Thereafter the plaintiffs excepted to the
surety, who, on January 6, 1934, appeared and justified
before the court.

On January 27, 1934, the court, without notice to
the plaintiffs, entered an order extending the time in
which to file the transcript to and including February
10, 1934. On the latter date the court again, without
notice to the plaintiffs, extended the time in which to
file the transcript until February 20, 1934. Both of
those extensions of time were granted without com-
pliance with § 7-507, subdivision 2, Oregon Code 1930.

On February 14, 1934, the respondents filed herein
a transcript of the proceedings in the circuit court,

together with their motion to dismiss the appeal and affirm the judgment as to the respondents, and their surety on appeal so far as the money judgment is concerned. Based on the foregoing section of our statute and the authority of *Guenther v. Headrick,* 145 Or. 701 (28 P. (2d) 1088), and precedents therein cited, the appeal must be dismissed.

On the authority of § 7-507, subdivision 3, Oregon Code 1930, and *McCargar v. New Amsterdam Casualty Co.,* 105 Or. 308 (209 P. 478), the judgment, so far as it is for the recovery of money, is affirmed.

The appellants have filed a motion to postpone the hearing on the respondents' motion to dismiss, and attached to said motion is an affidavit to the effect that there is now pending in this court an appeal from a decree in a suit instituted by the appellants herein against the respondents herein regarding the same real property involved in the present appeal. Since this court has no jurisdiction in the present attempted appeal except as to enforcement of the judgment appealed from so far as it is for the recovery of money, the request of appellants must be denied.