Argued March 30, reversed and remanded with
instructions April 23, 1973

# WALLIS, *Appellant, v.* CROOK COUNTY SCHOOL DISTRICT, *Respondent.*

509 P2d 44

*David R. Dierdorff,* Bend, argued the cause for appellant. With him on the briefs were Dierdorff & Babb, Bend.

*James B. Minturn,* Prineville, argued the cause for respondent. With him on the brief were Bodie & Minturn, Prineville.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

This appeal involves the construction and application of a statute providing for the renewal of contracts of certain public school teachers and administrators. ORS 342.508 (2).

Plaintiff was the elementary school coordinator of defendant school district and had been so employed for some 10 years. Plaintiff brought a mandamus action to compel defendant to execute and deliver to him a valid contract employing him for the 1972-73 school year. Following commencement of this action the trial court issued an alternative writ requiring defendant to execute and deliver the subject contract or show cause why it should not do so. After a trial on the merits the court denied the peremptory writ

and dismissed plaintiff's petition. Plaintiff appeals. We reverse.

Did the trial court err:

(1) In ruling that notice of nonrenewal mailed by ordinary mail to plaintiff on March 15, 1972, and received by plaintiff on March 16, complied with the notice requirement of ORS 342.508 (2);

(2) In overruling defendant's contention that prior oral notice plus a copy of school board minutes purportedly advising plaintiff that his employment was being terminated, constituted sufficient notice under ORS 342.508 (2); and

(3) In overruling defendant's contention that plaintiff had waived formal written notice by his conduct, or was equitably estopped thereby to insist on such notice.

Defendant is a school district with more than 800 but less than 4,500 average daily pupil membership. On March 15, 1972, the superintendent of defendant district wrote and mailed to plaintiff by ordinary mail a letter informing plaintiff that his contract would not be renewed. Plaintiff received the letter at his home the following day, March 16. On March 31 plaintiff delivered to defendant a written acceptance of contract for the next school year. By letter dated April 4, defendant notified plaintiff that it would not issue such contract.

The controlling statute,[1] ORS 342.508 (2), reads:

"Each district school board of a district subject

---

[1] There appears to be a dispute between the parties as to which of two closely similar statutes is involved.

ORS 342.508 deals with contracts for personnel who have been "regularly employed by the school district for the last preceding three successive school years * * *." The next section, ORS

to this section shall given written notice, by March 15 of the year the contract with the teacher or administrator described in subsection (1) of this section terminates, to the teacher or administrator of the renewal or nonrenewal of his contract. If the contract is not renewed, the notice of such non-renewal and the reasons therefor shall be given in the manner prescribed by ORS 342.513. If the school board fails to give notice by March 15, the contract shall be considered renewed for the following school year at a salary not less than the annual salary being received at the time of renewal. The teacher or administrator may bring an action of mandamus to compel the school board to issue such a one-year contract for the following year."

■ In *Owens v. School District,* 3 Or App 294, 301, 473 P2d 678, 681, Sup Ct *review denied* (1970), this court stated:

"* * * In essence, these statutes provide that notice of renewal or nonrenewal of teacher contracts shall be given by the district board to the teachers by March 15. The giving of the notice is not a power of the district board, but a duty. The teachers have an express statutory right to be informed of renewal or nonrenewal by March 15 and this right cannot be transgressed by the board * * *."

While the above statement was dicta in that

---

342.513, deals with contracts for personnel who are not eligible for a three-year contract. The provisions regarding notice in both sections are substantially identical, however.

Plaintiff's petition alleges that he bases his action on ORS 342.508. Defendant on the other hand in its brief speaks of the proceeding as being governed by the next section, ORS 342.513. The trial court in its written opinion and decision states: "The statutes controlling are ORS 342.508 and 342.513."

Inasmuch as the provisions for the giving of notice in both sections appear to be substantially identical, the issue to be decided by the court would be the same under either statute.

case, nevertheless we believe that it represents a correct interpretation of ORS 342.508 (2) and is fully applicable to the case at bar.

Prior to 1960 Arizona had a similar teacher dismissal law. Before this law was amended in 1960,[®] ARS § 15-252 provided that written notice of dismissal must be given to a probationary or continuing teacher on or before March 15 of each school year, and, like ORS 342.508 (2), the Arizona statute did not specify the manner in which the notice is to be delivered. In *School District No. 6 of Pima County v. Barber,* 85 Ariz 95, 97, 332 P2d 496 (1958), the court held that when a statute does not specify the manner of giving notice, personal notice is required and that notices sent by registered mail on March 15 and not received until March 16 and 18 did not comply with the Arizona statute. The Arizona court stated:

"\* \* \* The legislature has prescribed that notice shall be given on or before the 15th of March, and that the teacher's contract is automatically renewed unless the notice is so given on or before that date. If we extend this date to the 16th or the 18th, or to such other time as we might believe to be reasonable, the unambiguous language of the legislature is set aside. This is not the function of the court." 85 Ariz at 97.

■ Defendant contends that inasmuch as our statute does not require that the notice be received by March 15 the giving of the notice was complete when the

---

[®] The following language was added to ARS § 15-252:

"B. Notice of termination of contract shall be by delivering it personally to the teacher or by sending it by registered or certified mail bearing a postmark of on or before March 15, directed to the teacher at his place of residence as recorded in the school district records. As amended Laws 1960, Ch. 127, § 15."

letter was deposited in the mail on March 15. Defendant's contention cannot be sustained.

■ The common and ordinary meaning of the word "give" is to deliver or transfer to another something that is taken by him. It is not synonymous with "send" or "mail." We conclude that the term "give written notice" as used in ORS 342.508 (2) is employed in the sense of delivery of a written communication by the school district. *School District No. 6 of Pima County v. Barber*, supra. *See also*, 18 Words and Phrases 670 (perm ed 1956), citing *Baldwin v. Fidelity Phenix Fire Insurance Co. of N. Y.*, 260 F2d 951, 953 (6th Cir 1958); *Rapid Motor Lines, Inc. v. Cox*, 134 Conn 235, 56 A2d 519, 521, 175 ALR 296 (1947).

*Ledbetter v. School Dist. No. 8*, 163 Colo 127, 428 P2d 912 (1967), relied upon by defendant, is distinguishable on the facts. There the district mailed the statutory notice by registered mail four days prior to the deadline. The letter reached plaintiff's home two days prior to the deadline, but plaintiff was not at home. A notice of attempted delivery was left. Three days after the deadline another notice of attempted delivery was left, and eight days after the deadline plaintiff picked up the letter.

■ Defendant also contends that the statutes relating to service of notices by mail in judicial proceedings, particularly ORS 16.790, should apply to the case at bar. We cannot agree. The service by mail provisions are part of the code of civil procedure. Our Supreme Court has previously held that these provisions do not apply to nonjudicial proceedings. *Chung Yow v. Hop Chong, et al.*, 11 Or 220, 4 P 326 (1884); *Amort v. School District*, 48 Or 522, 87 P 761 (1906); *Nicolai-Neppach Co. v. Poore et al.*, 120 Or

163, 251 P 268 (1926) (*partially overruled on other grounds Copeland Yards v. Taranoff*, 238 Or 167, 392 P2d 259 (1964)).

■ Taking up the second question, during the trial of this case defendant urged upon the trial court the following proposition: That plaintiff's receipt of (a) a copy of the school board's minutes of January 31, 1972, showing that plaintiff's position was being abolished and (b) oral notice that his contract would not be renewed plus plaintiff's apparent acquiescence following receipt of such notice, constitute notice as required by ORS 342.508. The trial court rejected this contention. Defendant makes the same argument in its brief in this court.

■ Plaintiff asserts that defendant is barred from contesting the trial court's determination of the issues involving oral notice and equitable estoppel in this court because defendant did not cross-appeal, citing ORS 19.029 (1)(e) as authority. Plaintiff's contention on this procedural point is not well founded. Even though defendant did not cross-appeal defendant is entitled to urge in support of the order or judgment under review any sound reason for affirmance, notwithstanding it is not the one assigned by the trial court for its decision, *Reid et al v. Reid*, 219 Or 500, 512, 348 P2d 29 (1959), so long as defendant is not seeking affirmative relief thereby. *Cf., Cram v. Tippery*, 175 Or 575, 155 P2d 558 (1945).

As to the facts concerning the claimed notice, waiver and estoppel, the superintendent of defendant district testified that on February 1, 1972, he told plaintiff that "* * * his job was terminated as of July 1, '72, and he was not to be offered a contract. * * * that there would be no employment for the

future with the school district, but that I would do everything I could to help him in providing other opportunities in the other districts, which he accepted, and which subsequently I made some phone calls and contacted some people. And he told me that he was applying for other jobs in other districts."

Plaintiff, in testifying about the same conversation, stated that he understood what the superintendent had told him, i.e., that his position was to be abolished at the end of the school year; that he did not recall that the superintendent had used the words "terminate" or "contract," but that he did understand "what he was talking about. * * * That I should look for employment elsewhere." He acknowledged that he immediately commenced seeking other employment; that the superintendent had informed him concerning possible vacancies in other school districts. Plaintiff likewise acknowledged receipt of a copy of the minutes of the board meeting containing the official action of the board terminating his position.

Although the placing of the board's minutes in plaintiff's message box prior to the statutory deadline was notice that plaintiff's present position was being abolished, it did not, however, as the trial judge pointed out, "negative the availability of another position [for plaintiff] in the school system." We are satisfied that this did not constitute notice as required by ORS 342.508 or 342.513.

As to the sufficiency of oral notice, our attention has not been called to, nor have we discovered, any teacher-contract case in which oral notice has been held to satisfy a statutory requirement of written notice. See cases collected in 92 ALR2d 751, at 756, and supplemental annotations.

As stated in 1 Merrill on Notice 487, § 509 (1952):

"Where notification is required for some definitive purpose, knowledge is not an acceptable equivalent * * *."

In *Darby v. Biggs School Dist.,* 15 Cal App2d 218, 223, 59 P2d 167 (1936), the court stated:

"* * * The fact that the respondent knew of the action of the board, and subsequently stated to others the action of the board, constitutes no determinative factor in this case. That written notice is necessary, irrespective of the actual knowledge by a teacher of the action of a board of school trustees in voting for his dismissal, has been so often affirmed by the courts of this state as to become well-settled law, and needs no citation of the authorities. In the case of *Blalock v. Ridgway,* 92 Cal.App. 132 [267 Pac. 713], the record shows that the plaintiff, a teacher in the Olive School District of Tulare County, had actual notice of the action of the board of school trustees in voting for her dismissal. We do not need to list the cases affirming the decision in the Blalock case further than to state that this court, in *Sherman v. Board of Trustees,* 9 Cal.App. (2d) 262 [49 Pac. (2d) 350], reaffirmed that decision and cited the cases likewise supporting the doctrine that written notice of dismissal is mandatory."

*Accord*: *Tempe Union High School Dist. v. Hopkins,* 76 Ariz 228, 262 P2d 387 (1953); *Reed v. Board of Education,* 125 Cal App 714, 14 P2d 330 (1932); *Smith v. School District No. 18,* 115 Mont 102, 139 P2d 518 (1943); *Tate v. New Mexico State Board of Education,* 81 NM 323, 466 P2d 889 (NM App 1970); *Blood v. Common School District,* 78 SD 580, 105 NW2d 545, 92 ALR2d 746 (1960).

Nor do we believe that the rule announced in *Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972), is

applicable here. In *Stroh* our Supreme Court held that where a notice of appeal required by ORS 656.298 (3) to initiate judicial review on workmen's compensation cases is actually received, it is sufficient if the notice was sent by ordinary mail and not dispatched by registered or certified mail as specified by statute.

*Stroh* was dealing only with the narrow question of the legal effect of a valid notice, dispatched by ordinary mail and received within the time fixed by law, as compared with the use of registered or certified mail as required by statute. We do not believe that the *Stroh* decision can be extended to allow an oral communication to serve in the place of a written notice in the face of the express requirement of ORS 342.508 (2). *Darby v. Biggs School Dist.,* supra.

■ Third, we come now to the waiver and equitable estoppel arguments which defendant unsuccessfully urged in the trial court.

In the trial court plaintiff contended that inasmuch as waiver and estoppel are affirmative defenses and were not specially pleaded, the trial judge could not properly consider these defenses.

ORS 34.170 provides:

"On the return day of the alternative writ, or such further day as the court or judge thereof may allow, the defendant on whom the writ was served may show cause by demurrer or answer to the writ, in the same manner as to a complaint in an action."

While this question has apparently never been decided by an appellate court in this state, it would appear from the above provision that defendant may not have been entitled to raise these defenses in the

trial court without having pleaded them. ORS 34.170; *Reed v. Commercial Ins. Co.,* 248 Or 152, 155, 432 P2d 691 (1967). But even assuming without deciding that defendant was nevertheless entitled to raise these defenses as a part of showing cause in response to the alternative writ, it is our conclusion that the evidence offered by defendant failed to establish either waiver or equitable estoppel. *Waterway Terminals v. P. S. Lord,* 242 Or 1, 26, 406 P2d 556, 13 ALR3d 1 (1965); *Donahoe v. Eugene Planing Mill,* 252 Or 543, 545, 450 P2d 762 (1969). *See also, Darby v. Biggs School Dist.,* supra, and the authorities cited above dealing with teacher-contract renewals.

Similarly, in *Common School Dist. No. 27 v. Brinkmann,* 233 SW2d 768 (Mo App 1950), *aff'd* 255 SW2d 770 (Mo 1953), the court held that a teacher's statement that he did not wish to continue as a teacher did not relieve the school directors of the statutory duty to notify him in writing of intention not to reemploy him.

We conclude that the trial judge did not err in ruling that the prior oral and written communications did not constitute sufficient notice under the statute, and that the doctrines of waiver and equitable estoppel cannot and do not defeat plaintiff's claim here.

■ Summarizing, we hold that where the required written notice of termination was not mailed until March 15, and the evidence establishes that it was neither received personally by the plaintiff nor delivered to his usual business or home address by the deadline, the requirement of ORS 342.508 (2) was not met. The attempted notice of termination was in-

effectual and plaintiff's contract rights were unaffected thereby.[9]

Reversed and remanded with instructions to enter an order issuing the peremptory writ.

---

[9] For a discussion of a different application of ORS 342.508, see Dabritz v. Baker Co. School District, 13 Or App 1, 508 P2d 459 (1973).