WELO, *Respondent,*

*v.*

# DISTRICT SCHOOL BOARD OF SCHOOL DISTRICT NO. 7, *Appellant.*

(No. 75-295-E, CA-4812)

545 P2d 921

*Louis F. Schultz, Jr.,* Grants Pass, argued the cause for appellant. With him on the brief were Schultz, Salisbury & Cauble, Grants Pass.

*Steven L. Swartsley,* Medford, argued the cause for

respondent. With him on the brief were Courtright & Swartsley, Medford.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

By this mandamus proceeding, petitioner, a teacher, sought to compel the defendant District School Board to issue him a contract for the 1975-76 school year. The circuit court so ordered.

At the material time, ORS 342.513(1) provided:

"Each district school board shall give written notice by March 15 of each year to all teachers and administrators in its employ who are not under tenure or who are not eligible for a three-year contract under ORS 342.508 the renewal or non-renewal of the contract for the following school year. * * * If any district school board fails to give such notice by March 15, the contract shall be considered renewed for the following school year at a salary not less than that being received at the time of renewal. * * *"[1]

The sole issue in this case is whether or not defendant complied with the notice requirement.

On Tuesday, March 11, 1975, petitioner was orally notified that his contract would not be renewed.[2] School officials then gave him the remainder of the week off so that he could attend a school-related function in another city. School officials paid petitioner's travel expenses and knew where he would be staying.

On March 12 defendant mailed written notice of petitioner's nonrenewal to his home address by certified mail. The post office held this letter with petitioner's other mail as petitioner had requested when he left town. Petitioner returned home on Sunday, March 16. The next day, March 17, he learned that a certified letter was being held for him at the post office, but he never picked it up.

■ ORS 342.513(1) does not prescribe the method of giving notice. Defendant contends that the statute

---

[1] Amended by Oregon Laws 1975, ch 770, § 47, p 2167.

[2] Oral notice is not sufficient to satisfy the statutory requirement of written notice. *Wallis v. Crook County School Dist.*, 13 Or App 174, 182, 509 P2d 44 (1973).

should be interpreted to mean that effective notice occurs after a reasonable time for transmission and receipt of mailed notification has elapsed. Defendant asserts that where, as here, a letter was posted on March 12 such reasonable time elapsed before March 15 and therefore petitioner had sufficient notice of his nonrenewal before the statutory deadline.

Our decision in *Wallis v. Crook County School Dist.,* 13 Or App 174, 509 P2d 44 (1973), is to the contrary:

"The common and ordinary meaning of the word 'give' is to deliver or transfer to another something that is taken by him. It is not synonymous with 'send' or 'mail.' We conclude that the term 'give written notice' * * * is employed in the sense of delivery of a written communication by the school district. * * *" 13 Or App at 180. (Citations omitted.)

*See also, Stroh v. SAIF,* 261 Or 117, 119, 492 P2d 472 (1972).

Defendant's mere mailing of the notice to petitioner was not sufficient to satisfy the requirement of ORS 342.513(1) that a school district "give written notice" to a teacher that his or her contract will not be renewed even if that notice would have reached petitioner by the statutory deadline in the normal course of events.[3]

Affirmed.

---

[3] A different case would be presented if petitioner had left town to avoid receiving notice. There is sufficient evidence to support the circuit court's finding that petitioner did nothing to intentionally thwart the giving of notice.