# AMBROSE,
*Respondent,*
*v.*
# THE BOARD OF EDUCATION OF SCHOOL DISTRICT #17-C, CURRY COUNTY, et al,
*Appellants.*

## (No. C80-6-92, CA 18298)

626 P2d 916

John C. Babin, Brookings, argued the cause for appellants. With him on the briefs was Coutrakon, Hoselton & Babin, Brookings.

David A. Dorsey, Coos Bay, argued the cause for respondent. With him on the brief was Bedingfield, Joelson and Gould, Coos Bay.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this mandamus action, the defendant school board appeals from the trial court's order that the board renew plaintiff's contract as the school district's superintendent. The issue is whether the board gave plaintiff sufficient notice by April 1, 1980, of its decision not to renew his contract for the next school year pursuant to ORS 342.513:

> "Each district school board shall give written notice of the renewal or nonrenewal of the contract for the following school year by April 1 of each year to all teachers and administrators in its employ who are not permanent teachers. In case the district school board does not renew the contract, the material reason therefor shall, at the request of the teacher or administrator, be spread upon the records of the school district and the board shall furnish a statement of the reason for nonrenewal to the teacher or administrator. If any district school board fails to give such notice by April 1, the contract shall be considered renewed for the following school year at a salary not less than that being received at the time of renewal. The teacher or administrator may bring an action of mandamus to compel the district school board to issue such a contract for the following school year."

We reverse.

Plaintiff was first employed as superintendent of the district in July, 1970. His duties, according to his testimony, included serving as the board's executive officer, with responsibility for carrying out the actions of the board.

At a meeting on March 31, 1980, with plaintiff in attendance, the board voted not to renew his contract. The following day, the deputy clerk of the district prepared a draft of the minutes of the meeting, which, in keeping with usual practice, she transmitted to plaintiff for review. Plaintiff made a number of handwritten corrections on the draft, including an addition to the description of the board's decision not to renew his contract. The draft was then transmitted to plaintiff's secretary, who typed and distributed copies of the minutes to plaintiff and others, also in keeping with usual practice. The minutes had not yet been approved by the board when plaintiff saw them on April 1.

Plaintiff had received no written notice of nonrenewal as of April 1 other than the draft and the typed copies of the minutes. Conversely, all teachers in the district who were to receive notices of renewal or nonrenewal were given form notices apprising them of the board's actions regarding their contracts. Plaintiff participated significantly in the preparation and delivery of the notices to the teachers.[1]

On appeal, plaintiff argues that he was not given a "formal" notice similar to those received by the teachers and that the minutes he did receive were not adequate notice under ORS 342.513. Defendants argue that the minutes did constitute sufficient notice and, in any event, that plaintiff is estopped from contending he was entitled to better notice because he was responsible for giving notices of renewal or nonrenewal on behalf of the board.

---

[1] Plaintiff testified:

"Q. [by school board's attorney] But of the persons who would receive the notice in March of 1980, you reviewed each and every one that was prepared by [the secretary], correct?

"A. I don't remember reviewing each and every one, no. I think I reviewed the list with her, I don't think that I indicated that I reviewed each one after it was prepared.

"Q. Okay. Turning your attention again, Mr. Ambrose, to the deposition which you have already testified, you remember? Do you recall the question I asked you?

"[Plaintiff's attorney]: What page, counsel?

"[School board's attorney]: Page 14, line 20.

"Q. Do you remember the question and answer:

" 'Q. So it's your testimony that the Notices to the people whose contracts that were renewed was prepared and you reviewed each and every one of those Notices?

"A. I probably did.'

"Do you remember that?

"A. I am sure if it is there that's what I said.

"Q. Okay. And then after they were reviewed they were delivered to the persons who they were directed to, were they not?

"A. They are usually delivered to the principals and the principals are responsible for seeing the teachers get them.

"Q. Okay. And you specifically told the principals to be sure they witnessed the delivery of those notices to each person to whom the notices were directed, did you not?

"A. No, to the ones that were for nonrenewal."

We have previously interpreted ORS 342.513 to require that a subject employee whose contract is not renewed *actually receive* a *written* notice of nonrenewal *by* the statutorily designated date. *Wallis v. Crook County School Dist.,* 13 Or App 174, 509 P2d 44 (1973); *Welo v. Dist. Sch. Bd., Dist. No. 7,* 24 Or App 443, 545 P2d 921 (1976). The requirement of written notice is not waived by the employee's actual knowledge of the board's decision not to renew. *Welo v. Dist. Sch. Bd., Dist. No. 7, supra.* However, there is no prescribed form of written notice, and we have strongly indicated in dicta that minutes which reflect the board's action will satisfy the notice requirement. *Wallis v. Crook County School Dist.,* 13 Or App at 182; *see also, State ex rel Lambert v. Hastings,* 22 Or App 213, 216, 538 P2d 92 (1975). In *Welo,* we held that actual delivery or receipt of the notice by the designated date is required and that a notice which was timely mailed to a teacher while he was out-of-town but which he did not receive until his return after the statutory notice date was untimely. However, we noted in *Welo:*

"A different case would be presented if petitioner had left town to avoid receiving notice. There is sufficient evidence to support the circuit court's finding that petitioner did nothing to intentionally thwart the giving of notice." 24 Or App at 446, n 3.

Here, plaintiff concedes that he received a writing—the draft of the minutes—which contained the information the board was required to impart to him. He argues that that did not give him satisfactory notice, however, because the minutes had not been approved. Plaintiff states that defendants'

"* * * contention that the notices sent to other teachers would be ineffective if approval of the minutes were required misses the point: Those teachers had already been given written notice while Mr. Ambrose had not. If those teachers had not been given written notice, and the School Board minutes were the sole notice they received, then their nonrenewals would have been ineffective too."[2]

[2] The board's actions on the teachers' contracts were taken at a meeting which preceded by a week the meeting at which the board voted not to renew plaintiff's contract.

In our view, *plaintiff's* contention misses the point. Plaintiff hypothesizes that formal approval of the minutes was necessary to make the minutes themselves a valid means of notice but was not necessary to make the different kind of writing given the teachers effective as notice. However, the validity of the notices to the teachers was obviously contingent on the accuracy of the minutes, approved or unapproved. Minutes do no more than *record* actions; if they *accurately* record an action, they can constitute written notice of that action, whether or not they have been formally approved. Plaintiff does not argue—and he surely could not argue—that the draft minutes he saw and edited on April 1 were inaccurate with respect to the board's decision not to renew his contract. In light of the facts of this case, we hold that, as a matter of law, the minutes constituted sufficient notice to plaintiff under ORS 342.513.

Reversed and remanded with instructions to vacate the peremptory writ.