**Margaret C. SMITH, Plaintiff-Appellant,**

v.

**DORA R–III SCHOOL DISTRICT, Defendant-Respondent.**

No. 13461.

Missouri Court of Appeals, Southern District, Division One.

Nov. 29, 1984.

J. Michael Payne, Limbaugh, Limbaugh, Russell & Syler, Cape Girardeau, for plaintiff-appellant.

R. Jack Garrett, R. David Ray, David H. Dunlap, Garrett & Ray, West Plains, for defendant-respondent.

GREENE, Judge.

Margaret C. Smith appeals from the trial court's judgment denying her relief on all issues raised in her suit against Dora R–III School District. In her petition, Smith sought reinstatement to her former position as elementary school principal for the school district, and requested damages. Prior to trial, Smith dismissed Count I of her petition which requested reinstatement, and went to trial on the damage issue alone.

On appeal, Smith contends that the trial court erred as a matter of law in 1) entering judgment against her because she was not given proper legal notice that she would not be rehired as elementary principal for the 1982–83 school year, and 2) improperly admitting evidence that part of her attorney fees were being paid by the Missouri State Teachers Association, because evidence of reimbursement from a source independent of the wrongdoer is not admissible to decrease damages for which the wrongdoer is liable.

Viewed in the light most favorable to the prevailing party, *Porter v. Posey*, 592 S.W.2d 844, 849[3] (Mo.App.1979), the facts are that in the school years 1980–81 and 1981–82, the school district employed an elementary school principal (Smith) and a secondary school principal (Ault). The written school board minutes reflect that on February 15, 1982, the board, because of budget constraints, decided to eliminate one of the principal positions and to have one principal handle both the elementary and secondary school positions. At the same meeting, a discussion was held on whether to offer Ault the combined principal job. It was decided to wait until Ault found out whether his job application for a position in Saudi Arabia had been accepted before offering him a contract. The minutes of this meeting were approved at a board meeting on March 9. Smith and Ault were present at this meeting. Both were given copies of the February 15 minutes and Ault explained to the board that he would not know about his overseas job application until April, but that if not accepted for the overseas job, he wished to be considered for the combined principal position. The minutes of the March 9th meeting state that "[i]n view of the fact that Principal Smith wants to stay at Dora and teach in the Elementary, one of the non-tenured teachers must be eliminated in order to make room for Mrs. Smith who is tenured." It was then decided that Reda Lovan, one of the non-tenured teachers, would not be rehired to make room for Smith, and that a contract as an elementary teacher would be offered to Smith. Cop-

ies of these minutes, which were approved, were given to Smith and Ault.

In addition, Smith, on March 10, 1982, was told by the School District Superintendent, Roy Manion, that the single principal system was being adopted and that she would not be reemployed as elementary principal, but would be offered a contract as an elementary teacher. The contract was offered and Smith accepted it under protest, contending that she was entitled to be rehired as elementary principal since she had not received written notice, as required by law, of the decision to eliminate the elementary principal position. Ault was eventually hired as combined principal. Smith honored her contract as elementary teacher for the 82–83 school year, but found other employment for the following year.

Smith's salary as principal for the 1981–82 school year was $17,000 and an additional 9½% of that amount was paid by the board to the teacher retirement fund for her benefit. As an elementary teacher for the 1982–83 school year, she was paid $11,950 plus the 9½% retirement contribution. Her attorney fees and other legal expenses for bringing suit against the board were approximately $2,600.

Smith claims she was not given adequate notice concerning her termination as elementary principal, as required by § 168.101.3.[1] This provision relates to the procedure for reemployment or termination of non-metropolitan school district certificated employees who do not come within the protections afforded by the Teacher Tenure Act. §§ 168.102—168.130. Section 168.101.3 states that a school board "shall notify each such certificated employee in writing concerning his reemployment in his present staff position or lack thereof on or before the fifteenth day of April of the year in which the contract then in force expires." The statute further provides that "[f]ailure ... to give notice constitutes reemployment on the same terms and in the same staff position as those provided in the contract of the current fiscal year...."

This statute insures timely notification to certificated employees not covered under the Teacher Tenure Act, such as a principal, regarding their next year's employment, while reserving to non-metropolitan school districts the flexibility needed to adequately fill administrative positions.

While the board did not provide Smith with explicit written notice of her termination as principal, she was furnished a copy of the minutes of the board meeting in which it was decided to eliminate the elementary principal position by combining it with the high school principal position and to offer the combined job to Ault. Smith also advised Superintendent Manion concerning the teaching position she would prefer to occupy in the following school year. In addition, Smith was given, and signed, a contract to teach the fourth grade during the 1982–83 school year. These measures were all taken before the April 15 deadline set out in § 168.101.3, although Smith failed to sign and return the contract until May 26.

■ While § 168.101.3 requires that a certificated employee be notified in writing, it does not specify what shall be contained in the notice. Since the statute fails to provide the required contents of the notice, it can be presumed that any written notice which can be reasonably understood to terminate the employment is sufficient. See *Lovan v. Dora R–III School Dist.*, 677 S.W.2d 956 at 958 (Mo.App.S.D.1984), interpreting § 168.126, the notice provision for reemployment or termination of probationary teachers under the Teacher Tenure Act, and the authorities cited therein.

■ We hold that the written minutes of the board meetings of February 15 and March 9, 1982, upon delivery to Smith, constituted sufficient written notice, so as to comply with the dictates of § 168.101.3, informing her that she would not be reemployed as elementary principal for the following year. See *Ambrose v. Board of Education*, 51 Or.App. 621, 626 P.2d 916, petition for review denied, 291 Or. 309, 634

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

P.2d 1346 (1981), where the Oregon Court of Appeals reached the same conclusion as we do here, based on similar facts and a similar statute.

In reaching this result on Smith's first point relied on, the issue raised in her second point concerning attorney fees need not be addressed, since Smith was not entitled to any damages, including attorney fees, unless the school board was liable to her. It was not.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.