FORT, J.
Appellant teacher appeals the denial of his writ of mandamus seeking to compel respondent school district to issue him a three-year teacher’s contract pursuant to ORS 342.508.
ORS 342.508, the “limited tenure” statute,① was intended to give some security to teachers such as appellant who have worked three consecutive years in a district not subject to the Fair Dismissal Law,② but *3 which have an average student population exceeding 800.③
ORS 342.508 provides:
“(1) In any school district which is not subject to the provisions of ORS 342.200 and 342.805 to 342.955 but which has an average daily membership in excess of 800 pupils, a teacher or administrator who has been regularly employed by the school district for the last preceding three successive school years shall be issued by March 15 of the third year a three-year contract if the school hoard determines to rehire the teacher or administrator. If the school board determines to rehire the teacher or administrator at the termination of any three-year contract made pursuant to this section, the contract shall be renewed by March 15 of the year of termination for an additional three-year period.
“ (2) Each district school board of a district subject to this section shall give written notice, by March 15 of the year the contract with the teacher or administrator described in subsection (1) of this section terminates, to the teacher or administrator of the renewal or nonrenewal of his contract. If the contract is not renewed, the notice of such non-renewal and the reasons therefor shall be given in the manner prescribed by ORS 342.513. If the school board fails to give notice by March 15, the contract shall be considered renewed for the following school year at a salary not less than the annual salary being received at the time of renewal. The teacher or administrator may bring an action of mandamus to compel the school board to issue such a one-year contract for the following year.
*4 “(3) When a school district subject to this section merges with one or more school districts or annexes one or more school districts or other territory and if the newly enlarged school district is not subject to the provisions of ORS 342.200 and 342.805 to 342.955, the contracts of teachers or administrators described in subsection (1) of this section prior to the merger or annexation shall continue to be subject to this section as if there had been no merger or annexation. All other teachers or administrators employed by the newly enlarged school district shall be entitled to count their prior continuous service not to exceed the preceding two years, as a teacher or administrator in the territory of the newly enlarged school district toward satisfying the three-year requirement under subsection (1) of this section.
“(4) Nothing in this section shall prevent a district school board from contracting with a teacher or administrator described in subsection (1) of this section for a shorter period than three years if the teacher or administrator requests a contract for a shorter period.” (Emphasis supplied.)
We examine the evidence in the light most favorable to respondent. ORS 34.240; ORS 19.125 (1); Oregon Constitution, Art VII (Amended), § 3.
On March 13, 1972, the board of directors of the respondent district officially met and voted, inter alia, not to renew appellant’s and several other teachers’ contracts. However, the board thereupon passed a resolution stating that if any of the teachers requested one-year contracts “under Section 4 ORS 342.508 and provided administration shall so recommend, these teachers shall be elected for one-year contracts for 1972-73 at salaries as provided by the 1972-73 salary schedule.” . .
*5 The following morning, the principal of appellant’s school met with him. The principal testified:
“* * * I told him then, I said, you were not awarded a three-year contract, but I said you may request one for a shorter period of time. Then he wanted to know why and I told him frankly, I said, your children are just not meeting fourth grade objectives, and he said, well, gosh, but I said if you wish, I said, I would be glad to work with you. Then he said what’s your alternative, he said, what’s the alternative and I said there is none. Today is the láth, I said and tomorrow you’ll be notified that you are not rehired.
* * * &
“* * * He came back at 2 o’clock and said he would like to have a one-year contract.”
Appellant argues that the board’s resolution immediately following the decision not to renew proves the board’s actions were a “fraud or subterfuge” and that it actually always intended to renew appellant’s contract as provided in ORS 342.508 (1).
We do not agree. The evidence supports the conclusion that the board’s intent clearly was not to renew appellant’s contract unless he requested that it be for one year. If appellant had not requested a one-year contract his contract would not have been renewed.
Appellant argues the board’s use of ORS 342.508 (4) simply means all teachers could be forced into forever accepting one-year contracts, thereby obviating the purpose of ORS 342.508. Such was not the case here. Several teachers were offered and accepted three-year contracts. Furthermore, appellant need not have requested the one-year contract if he did not want to. The record shows that the board’s action was *6 not arbitrary or capricious but based on a substantial reason directly related to appellant’s capacity as a teacher.
Appellant does not question the board’s authority to deny him a contract renewal. Accordingly, we therefore assume the board had the right to deny appellant any contract. We hold the board acted within its authority to condition appellant’s employment for the next year upon his request for a one-year contract. ORS 342.508 (4).
Appellant’s claim of obviating ORS 342.508 stems from the board’s authority under it to deny renewal rather than in any lawful negotiations conducted pursuant to ORS 342.508 (4). That is a matter for the legislature.
Affirmed.

 George v. School Dist. No. 8R, 7 Or App 183, 490 P2d 1009, 1015 (1971).

 ORS 342.805-342.960.

 Minutes of Senate Education Committee, Wednesday, March 20, 1957, regarding Senate Bill 365:
“Mr. Tom Powers, Lane Co. School Board said purpose of bill is to give security to teachers in the form of 3-yr contracts in districts less than 20,000. (Those 20,000 and larger being covered by tenure law.)”