Argued March 17, reversed and remanded April 5, reconsideration denied May 12, petition for review denied June 2, 1976

THOMPSON, *Appellant,*
*v.*
SCHOOL DISTRICT NO. UH7J OF MARION COUNTY, *Respondent.*
(No. 85883, CA 5022)
548 P2d 161

*David H. Leonard,* Salem, argued the cause for appellant. With him on the briefs were T. W. Churchill and Edward J. Harri, Salem.

*Dennis W. Bean,* Silverton, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

This action for damages was initiated by plaintiff teacher against defendant school district for the anticipatory breach of a three-year teaching contract which plaintiff contends resulted from the tenure provisions of ORS 342.508. That statute, since repealed by the legislature, required school districts of a certain size to issue a three-year contract to a teacher who had been regularly employed by the district for at least three years if he were rehired by the district. The circuit court found that defendant district was not required to issue plaintiff a three-year contract and plaintiff appeals.

Plaintiff was initially hired by the district in May 1970 as a full-time business education teacher for the 1970-71 school year. Thereafter, the parties executed two additional full-time contracts for plaintiff to teach at defendant's high school during the 1971-72 and 1972-73 school years. The controversy in this case revolves around the relationship of the parties to an educational program funded by the state Department of Education during this latter two-year period.

During the spring of 1971, the state Department of Education approached the district seeking the services of a business education teacher on a part-time basis to work as a consultant to the Future Business Leaders of America (FBLA) program. After negotiations between the district and the state, the district entered into a written contract wherein it agreed to provide the state with a qualified business education consultant on a one-third time basis and the state agreed to reimburse the district a dollar amount equal to one-third of the employe's salary, his expenses and the costs incurred by the district under the agreement.[1] The district's superintendent recommended plaintiff for the consul-

[1] Not at issue here is the propriety of this arrangement which was apparently designed by the state Department of Education to circumvent a limitation imposed by the legislature on the number of persons to be employed by the state. The record indicates that at least 12 such arrangements existed throughout the state at the time this agreement was executed.

tant position and the state accepted his application. Pursuant to this arrangement, plaintiff spent approximately one-third of his work time fulfilling his responsibilities as FBLA advisor during his second and third years of employment with the district. Plaintiff's entire salary was paid to him by the district under full-time employment contracts which made no reference to plaintiff's duties as advisor to the FBLA.

On March 14, 1973, the district offered to rehire plaintiff for a fourth year and in May of that year the parties executed an annual employment contract nearly identical to the previous contracts between the parties but with the following additional clause:

"The amount stated in contract is contingent upon the state paying 1/3."

Although it provided one-third of plaintiff's salary to the district for the 1973-74 school year, the state Board of Education terminated the FBLA position prior to the 1974-75 school year. At the end of that school year, the district informed plaintiff it intended to offer him a two-thirds scale contract for an additional one year only and plaintiff instituted this action for anticipatory breach of contract.

The controlling law in this case is ORS 342.508 (*repealed,* Oregon Laws 1973, ch 298, § 9) which in pertinent part provided as follows:

"(1) In any school district which is not subject to the provisions of ORS 342.200 and 342.805 to 342.955 but which has an average daily membership in excess of 800 pupils, a teacher or administrator who has been regularly employed by the school district for the last preceding three successive school years shall be issued by March 15 of the third year a three-year contract if the school board determines to rehire the teacher or administrator. If the school board determines to rehire the teacher or administrator at the termination of any three-year contract made pursuant to this section, the contract shall be renewed by March 15 of the year of termination for an additional three-year period.

"* * * * *.

"(4) Nothing in this section shall prevent a district school board from contracting with a teacher or administrator described in subsection (1) of this section for a shorter period than three years if the teacher or administrator requests a contract for a shorter period."

The circuit court found that plaintiff was not entitled to a three-year contract under the statute because his association with the FBLA and the contingency clause made him only a part-time teacher for the school district. Plaintiff contends that the district's determination to rehire him after three years of successive employment rendered the resulting agreement a three-year employment contract by operation of law under the statute notwithstanding his relationship to the FBLA and the contingency clause inserted in the 1973-74 contract.

An examination of the evidence in this case from the vantage point most favorable to the district does not support a finding that plaintiff was merely a part-time employe of the district prior to execution of the 1973-74 contract nor did the contingency clause inserted in that contract render it anything less than an employment contract for a full-time teaching position. *Dabritz v. Baker Co. School Dist.,* 13 Or App 1, 508 P2d 459 (1973). We hold that plaintiff was a full-time teacher at the time of rehiring by the district and that the district's agreement with the state did not alter the district's legal obligations to the plaintiff under ORS 342.508(1). *See Corvallis etc. R. Co. v. Portland etc. Ry. Co.,* 84 Or 524, 163 P 1173 (1917).

In support of its position, the district incorrectly relies on this court's decision in *Dabritz v. Baker Co. School Dist.,* supra, where a school district avoided the operation of ORS 342.508(1) by informing a teacher that the school board determined not to renew his contract unless he requested that it be for a one-year term, thereby exempting the contract from the three-year limited tenure provision under subsection (4) of the statute. In *Dabritz* the evidence showed that the

[ 69 ]

teacher's contract would not have been renewed had he not requested a one-year contract. Moreover "* * * the board's action was not arbitrary or capricious but based on a substantial reason directly related to appellant's capacity as a teacher." 13 Or App at 5-6.

These decisive factors are not found in the case at bar. To the contrary, the record shows that the district regarded plaintiff as a satisfactory teacher whom they did, in fact, rehire and that the contingency clause was unilaterally inserted by the district for the sole purpose of circumventing the limited tenure provisions of ORS 342.508(1).[2] Thus, we conclude that plaintiff was entitled to a three-year contract when he was rehired by the district in 1973 and that the district's refusal to offer him a full-time teaching contract for the 1974-75 and 1975-76 school years constituted an anticipatory breach of contract.

Reversed and remanded.

---

[2]The following testimony by the district's superintendent strongly suggests that the contingency clause was inserted only to shield the district from the operation of the limited tenure statute:

"Q   Now referring to the contract in the year 1973-74, where this language appears for the first time, the amount stated is contingent on the State paying one-third. The State has already committed themselves to paying one-third before this contract was signed?

"A   Yes.

"Q   So there really wasn't any contingency?

"A   Yes, because I felt that the contract would—without that, the contract unless Mr. Thompson requested a one-year contract, it would be a three-year contract and the State was making no commitments, either verbally or in writing to the utilization of Mr. Thompson on a one-third time basis for three years."