Argued October 17, 1977, reversed and remanded January 23, 1978

# THOMPSON, *Appellant,*
*v.*
# SCHOOL DISTRICT NO. UH7J OF MARION COUNTY, *Respondent.*
## (No. 85883, CA 7797)
573 P2d 1265

David H. Leonard, Salem, argued the cause for appellant. With him on the brief was Churchill & Leonard, Salem.

Dennis W. Bean, Silverton, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

This case is here for the second time. On the first appeal, we held that defendant had entered into a three-year employment contract with plaintiff, and had breached it by terminating plaintiff after one year. Since the trial judge had ruled there was no breach, the question of damages had not been determined, although the record included evidence on that question. We reversed and remanded. *Thompson v. School Dist. No. UH7J,* 25 Or App 65, 548 P2d 161, *rev den* (1976).

At the original trial, plaintiff waived a jury after learning that the trial would have to be set over until jurors were available unless he agreed to a court trial. On remand, and prior to resumption of the proceedings, plaintiff filed a motion for a jury trial. After it was denied, plaintiff took the position that no further evidence was necessary because the record theretofore made included evidence of his damages, both actual and anticipatory. Defendant, on the other hand, contended that the record should be supplemented to include evidence relating to plaintiff's actual damages with respect to the second year of the breach which had become calculable by the expiration of the contract term during the pendency of the appeal. The trial court ruled in favor of defendant, thereby permitting the record to be supplemented. No error is assigned to this ruling.

However, after the trial court ruled that the record could be supplemented, plaintiff renewed his prior request for a jury trial, which was denied, the trial judge stating that plaintiff was committed to proceeding without a jury in light of his previous waiver. The denial of that request is assigned as error on this appeal. Plaintiff then requested special findings pursuant to ORS 17.431, which request was denied. Plaintiff also assigns error to that denial.

In addition to those two assignments of error, plaintiff contends the trial judge erred in "allowing

Plaintiff's income to mitigate 'seeking' and other expenses," and also erred in denying plaintiff's motions to strike certain testimony.

## JURY TRIAL ON REMAND

■ The question of whether the waiver of a jury trial survives a remand from an appellate court has not been decided in Oregon. Where a judgment has been reversed and remanded for a new trial, the weight of authority appears to be that the party is not bound by a waiver of a jury at the first trial, *Harding v. Harding,* 485 SW2d 297 (Tex Civ App 1972); Annotation, 106 ALR 203, 205 (1937), although some courts have held to the contrary. *Spaulding v. Cameron,* 127 Cal App 2d 698, 274 P2d 177 (1954). We need not reach that question here, because this court's opinion did not contemplate a new trial on remand. The record made at the first trial included all evidence necessary to dispose of the case at that time , including evidence on damages for anticipatory breach for the second year of the breach. If the case had been limited to that record on remand, plaintiff's waiver of a jury would have remained viable, because the situation would have been the same, from plaintiff's standpoint, as it was when he waived a jury initially.

However, when the trial court ruled that additional evidence could be taken relating to events subsequent to the conclusion of the original trial, it is our opinion that plaintiff could not be held to his initial waiver. The additional evidence presented issues of fact with respect to which plaintiff had not waived a jury under ORS 17.035,[1] and which should have been tried to a

---

[1] ORS 17.035 provides:

"Trial by jury may be waived by the several parties to an issue of fact, in actions on contract, and with the assent of the court in other actions, in the manner following:

"(1) By failing to appear at the trial.

"(2) By written consent, in person or by attorney, filed with the clerk.

"(3) By oral consent in open court, entered in the minutes."

jury under ORS 17.030.[2] Accordingly, it was error for the trial court to have denied plaintiff's motion for a jury trial after the court ruled that additional evidence could be received.

## SPECIAL FINDINGS ON REMAND

■ After the trial court denied plaintiff's motion to limit the proceedings to evidence adduced at the original trial, and denied plaintiff's ensuing motion for a jury trial, plaintiff requested special findings in a form submitted by him. The trial judge treated the request as one within his discretion, and subsequently denied it by failing to make special findings.

It is clear that where a demand for special findings is made prior to the commencement of a trial, the trial judge is required to make special findings. ORS 17.431. *Collins v. Lantz, Vickery,* 244 Or 62, 64, 415 P2d 763 (1966). For the same reasons we held plaintiff was entitled to a jury trial on remand, we hold that plaintiff's demand for special findings was timely made under the circumstances here presented, thereby invoking the mandate of the statute. The court, however, was not obligated to adopt plaintiff's format for the special findings, *State Highway Com. v. De-Long Corp.,* 9 Or App 550, 495 P2d 1215, *rev den* (1972).

Accordingly, plaintiff was entitled either to a jury trial or special findings. Since he was denied both, the case must be remanded for further proceedings on the issue of damages.

## DAMAGES

■■ The remaining three assignments of error relate to the measure of damages to which plaintiff is entitled;

---

[2]ORS 17.030 provides:

"An issue of law shall be tried by the court, unless referred as provided in ORS 17.705 to 17.765. An issue of fact shall be tried by a jury, unless tried by the court or referred as provided in ORS 17.035, 17.205, 17.431, 17.435 and 17.705 to 17.765."

because they will probably arise again on remand, we will consider them. Plaintiff contends in his third assignment of error that the court erred in allowing plaintiff's income to mitigate "seeking" and other expenses incurred by him. It is plaintiff's position that damages incurred in attempting to mitigate his lost wages are somehow intrinsically different from damages from lost wages. Presumably it is such damages for which plaintiff claims "special damages" in his complaint. The authorities do not support such a distinction. Corbin on Contracts states:

> "* * * An employee wrongfully discharged can *include* in his damages expenditures reasonably incurred in looking for another job * * *." 5 Corbin, Contracts, § 1044 (1964). (Emphasis added.)

As we said in *Kotan v. School Dist. No. 110C,* 13 Or App 139, 151, 509 P2d 452 (1973), the "general principle of awarding damages [is to] place the person damaged in the position he would have been had the contract been performed." We hold that plaintiff's damages should be measured by adding all of his damages, including any expenses reasonably incurred in seeking other employment and all sums he would have received under the contract had it not been breached, and subtracting from that sum all income plaintiff received during the two years of the contract breach.[3] Accordingly, the trial court did not err in allowing plaintiff's income to mitigate "seeking" and other similar expenses incurred by him.

---

[3] Although not raised by defendant on appeal, we note that the trial court divided damages erroneously to plaintiff's benefit. Plaintiff sued on a three-year contract, breached after the first year. He did not find employment in the second year, but his employment for the third year exceeded his loss of wages for that year. The court expressly declined to apply the excess in mitigation of plaintiff's damages for the second year. This being an action on a single contract, the damages, as well as the mitigating income for the entire term of the contract are not divisible. *See,* J. Calamari, J. Perillo, The Law of Contracts 351, § 219 (1970); *Hollwedel v. Duffy-Mott Co., Inc.,* 263 NY 95, 188 NE 266, 90 ALR 1312 (1933); *Dixie Glass Co. v. Pollak,* 341 SW2d 530, 91 ALR2d 662 (Tex Civ App 1960), *aff'd* 162 Tex 440, 347 SW2d 596 (1961); *Riess v. Murchison,* 503 F2d 999, 1010 (9th Cir 1974), *cert denied* 420 US 993 (1975).

■ Plaintiff's fourth and fifth assignments of error relate to claimed error in the trial court's overruling plaintiff's objection to, and the denial of plaintiff's motion to strike, testimony concerning veterans' benefits and concerning plaintiff's summer employment. The general rule is stated in 5 Corbin, Contracts, § 1041 (1964):

> "Gains made by the injured party on other transactions after the breach are never to be deducted from the damages that are otherwise recoverable, *unless such gains could not have been made, had there been no breach.*" (Emphasis added.)

The question is whether plaintiff could have received the veterans' benefits and income from the summer employment if his contract with defendant had not been breached.

Clearly, the court could not determine whether the evidence with respect to veterans' benefits received by plaintiff, or wages received by plaintiff for summer employment, must be applied to mitigate plaintiff's damages until it had received the evidence with respect thereto and determined that plaintiff could or could not have received those benefits or wages if the contract had not been breached. Accordingly, plaintiff's fourth and fifth assignments of error are not well taken.

Reversed and remanded.