Argued and submitted October 12, 1984, affirmed January 23, 1985

# SILER,
*Appellant,*

*v.*

# TURNBULL et al,
*Respondents.*

## (16-81-04385; CA A31012)

693 P2d 1323

Edward T. Monks, Eugene, argued the cause for appellant. On the brief was Kenneth A. Morrow, P.C., Eugene.

Gary R. Ackley, Cottage Grove, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In the spring of 1979, plaintiff was hired as football coach and athletic director at Cottage Grove High School and signed a one-year contract as a probationary teacher for the 1979-80 school year. In December, 1979, a decision was made to restructure the administrative staff, and plaintiff lost the title of athletic director. In March, 1980, he was offered a second probationary contract for the 1980-81 school year, which included the position of head football coach but not that of athletic director. Plaintiff signed a form accepting the position. Approximately six weeks later, he resigned the position.

Plaintiff then brought this action, alleging that he was induced to leave a tenured position in Gold Beach by the oral promises of defendants Turnbull and Keating, who had offered him the position of football coach and athletic director for the years 1979-81. He alleged that defendants breached the oral agreement by failing to offer him the position for the second year. On motion for summary judgment, the trial court found that plaintiff had waived his right to complain of any alleged defective performance. We affirm.

Plaintiff argues that his acceptance of the 1980-81 contract offer did not constitute a waiver because, even though he had accepted the employment, he was not required to enter on its performance. He makes no argument that his position is supported by the common law of contracts. Rather, he urges that his right somehow arises out of ORS 342.553,[1] which allows a teacher to resign without penalty if he provides the school district with a 60-day notice. As we understand plaintiff's position, because the statute allows a teacher to resign, it also negates the validity of the contract *ab initio* if a teacher so chooses. Plaintiff supplies no supporting authority for such a reading, and we find none.

---

[1] ORS 342.553 provides, in part:

"(1) Any elementary or secondary teacher who has entered into a contract to teach in any public school and who resigns his position without first providing 60 days' written notice to the district superintendent or the notice required in the applicable collective bargaining agreement may have his teaching certificate suspended for the remainder of the school year by the Teacher Standards and Practices Commission upon notice of the resignation from the district school board to the commission. The commission shall notify the teacher of the suspension of the teaching certificate held by the teacher."

for such a reading, and we find none.

■■ The statute does not create a right of a teacher to accept a contract with new conditions while keeping open the option of later rejecting the new conditions and relying on earlier ones. In *Pierce v. Douglas Sch. Dist. No. 4*, 297 Or 363, 371-72, 686 P2d 332 (1984), the Oregon Supreme Court reviewed extensively the origin of the statute and noted:

> "* * * In 1975, the Oregon Education Association (OEA), on behalf of teachers, was pressing for a more liberal law, one which would give teachers more freedom to change jobs or leave jobs in mid-year. * * *
>
> "* * * * *
>
> "* * * [T]he 60-day notice provisions of ORS 342.553(1) largely concerns methods by which teachers can resign during or before the contract term without running the risk of sanctions. * * *"

ORS 342.553 gives a teacher the right to withdraw from a contract. The contract is not, however, thereby retroactively made a nullity.

■■ Plaintiff next argues that, even if he waived his right to sue for his 1980-81 salary,[2] he did not waive his right to a claim for $75,000 in damages to his professional standing and reputation as a result of defendants' failure to offer him the position of athletic director for a second year. Plaintiff has brought his claim as a breach of contract. In such a case, the measure of damages is to put the person in the position he would have been in had the contract not been breached. *See Thompson v. School District No. UH7J*, 32 Or App 249, 254, 573 P2d 1265 (1978). Plaintiff cites no authorities which support an award of damages to professional standing in a breach of contract action when a party has resigned a position.[3] The trial court did not err in granting summary judgment.

Affirmed.

---

[2] Plaintiff's contract salary for 1980-81 included a pay increase of $2,916.

[3] The cases cited by plaintiff at oral argument, *see* 5 Corbin, Contracts § 1095 (1964), are contractual wrongful discharge cases. It is doubtful whether this kind of damage could be recovered in a contractual wrongful discharge case in Oregon. *See Thompson v. School District No. UH7J*, 32 Or App 249, 254, 573 P2d 1265 (1978).