Argued June 20, affirmed July 28, 1975

STATE ex rel LAMBERT, *Appellant, v.*
HASTINGS et al (No. 6849), *Respondents.*
538 P2d 92

*William A. Mansfield,* Medford, argued the cause
and filed the brief for appellant.

*Richard L. Barron,* Coos Bay, argued the cause for respondents. With him on the brief were Bedingfield and Joelson, Coos Bay.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This is an appeal from an order of the circuit court denying plaintiff's writ of mandamus to compel the defendants, directors of Brookings-Harbor School District No. 17-C, to renew plaintiff's teaching contract for the 1971-72 school year.

The primary issue presented is whether the notice which defendants sent to plaintiff was legally sufficient under ORS 342.513.[1]

Plaintiff was employed as a full-time teacher for the district for the 1970-71 school year. Plaintiff was a nontenured teacher, and was therefore ineligible for a three-year contract under the existing law. On March

[1] ORS 342.513 provides:

"(1) Each district school board shall give written notice by March 15 of each year to all teachers and administrators in its employ who are not under tenure or who are not eligible for a three-year contract under ORS 342.508 the renewal or nonrenewal of the contract for the following school year. * * * If any district school board fails to give such notice by March 15, the contract shall be considered renewed for the following school year at a salary not less than that being received at the time of renewal. The teacher or administrator may bring an action of mandamus to compel the district school board to issue such a contract for the following school year.

"* * * * *"

15, 1971, defendants sent plaintiff a form notice, which read in pertinent part as follows:

"In compliance with Chapter 342.513, Oregon Laws, 1965, you are notified that the

School Board of Curry County School District No. __17C__ at a __regular__ regular/special

meeting held __March 8__, 19__71__, __did not rehire, but position held__
(Date)                                          (did rehire/did not rehire)
and re-evaluation made in May

you to a position as __high school__ teacher in the schools of the district for
                     (grade/high school)

according to schedule
the school year 19__71__, 19__72__, at an annual salary of $_____ as adopted _____,

based on a _____190_____ day term or _____ school months."

Plaintiff contends that the above notice is ambiguous and does not as a matter of law adequately notify plaintiff of defendant's intention not to rehire her.

One of the principal purposes of ORS 342.513 is to provide a specific date (March 15) on which a teacher will know whether or not a contract for the following school year will be offered to him or her. ORS 342.513 does not specify any particular form of notice of intention not to rehire, and, therefore, any language in a timely written notice which fairly and reasonably informs the teacher that the district does not intend to renew the contract for the next year is sufficient. *Krahl v. Unified School District,* 212 Kan 146, 509 P2d 1146 (1973). For a general discussion concerning statutory notice requirements, *see,* Annotation, 92 ALR2d 751 (1963).

It is our conclusion that the above notice fairly informed plaintiff that the contract under which she was teaching would not be renewed for the following school year, and was legally sufficient under ORS 342.513. We construe the language "did not rehire, but position held and re-evaluation made in May," as meaning that plaintiff was not to be rehired but that the board would hold the position open until after a reevaluation of the matter in May. In other words plaintiff was notified that as of March 15 the board had decided not to renew plaintiff's contract, but that the board would take another look at the matter in May.

We cannot accept plaintiff's argument that the promise to reevaluate in May had the effect of modifying or vitiating the previous clause "did not rehire." The language in the notice about reevaluation in May merely indicated to plaintiff that there was a possibility of rehiring her following the reevaluation in

May. As the court said in *Krahl v. Unified School District,* supra, the language which indicated that there was a possibility of reemployment at a later date did not dilute the essential character of the notice that the existing contract was not renewed.

Plaintiff has cited several cases in support of her position. We have examined these decisions and note that each of them is factually distinguishable from the case at bar.

Affirmed.