Russell H. **GRIFFIN**, Appellant,

v.

**GALENA CITY SCHOOL DISTRICT,**
Appellee.

No. 5388.

Supreme Court of Alaska.

Feb. 19, 1982.

---

Robert B. Groseclose, Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for appellant.

Marilyn J. Kamm and Peter C. Partnow, Hellen & Partnow, Anchorage, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and ROWLAND, Superior Court Judge.*

## OPINION

CONNOR, Justice.

This is an appeal from a decision granting summary judgment in favor of the Galena City School District. We affirm.

On April 12, 1978, Russell Griffin applied for the position of elementary school teach-

er with the Galena City School District. According to district procedures, his application remained on file for consideration when vacancies occurred. On May 18th, the district announced a number of openings for the 1978–1979 school year, but only one elementary school teaching position. This opening was specifically stated to be for one year only. During a school board meeting on June 21st, the members voted to hire Griffin as an "elementary instructor for one year." Griffin attended the meeting and signed the contract at its conclusion. Around March 20, 1979, offers to renew contracts were distributed to teachers in the district. Griffin did not receive an offer and later inquired about vacancies for the following school year. The superintendent of the school district instructed Griffin to send a letter to the school board indicating his interest in teaching during the following academic year. Griffin wrote such a letter on April 24th. He heard nothing regarding his employment status until May 25th. On May 25th, after the last day of classroom instruction, all the teachers met in the school library to complete the end-of-year paperwork. The teachers were asked to complete a form from the Alaska Teacher's Retirement System entitled "Notification of Termination." Griffin asked the superintendent whether this document meant Griffin was not returning for the following school year. The superintendent responded, "No, it doesn't." On July 1, 1979, Griffin asked the superintendent about the following year's employment and was told to check back in two weeks. Griffin heard nothing from the school district and in early August asked the superintendent about future employment. The superintendent said he would phone Griffin. On August 17, 1979, Griffin phoned the superintendent and was told that he would not be hired for the forthcoming school year. Griffin then sued the school district for breach of contract because the district failed to give him written notification of his

* Rowland, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

non-retention as specified in AS 14.20.140 and required by his employment contract. The superior court entered summary judgment for the school district, holding that Griffin was not a "teacher" within the legislative intent of AS 14.20.140 and, therefore, that no breach of contract had occurred.

Non-retention of teachers who do not have tenure is controlled by AS 14.20.-140(b):

> "If a teacher who has not acquired tenure rights is not to be retained for the following school year the employer shall notify the teacher of the non-retention by writing delivered on or before the last day of the school term or by registered mail postmarked on or before the last day of the school term."

The superior court determined that Griffin was not a "teacher" within the meaning of section 140(b) and thus Griffin was not entitled to notice of non-retention. "Teacher" is defined in AS 14.20.207 as "a person serving in a teaching, counseling, or administrative capacity and required to be certificated in order to hold the position ...." The superior court reasoned that Griffin was not a "regular" teacher. By establishing a distinction between regular and non-regular teachers, Griffin was excluded from the protection of written notice.

■ The Alaska legislature has not enacted a scheme which envisions a protected group of regular teachers and an unprotected group of non-regular teachers. The legislative scheme does distinguish between teachers and substitute teachers. *See, e.g.,* AS 14.20.220(f). Such a distinction is unimportant here because Griffin was not a substitute. For a person to be employed for more than nineteen consecutive days in the same position as a substitute, the teacher must have been approved by the commissioner of education. Former 4 AAC 18.-020(a) (repealed 1/22/81). Griffin was not approved by the commissioner, nor did his contract mention that he was a substitute teacher. Thus the teacher/substitute teacher distinction developed by the legislature cannot be used to deny Griffin the statutory protection of notice.

■ In *Point Pleasant Beach Teachers Association v. Callam,* 173 N.J.Super. 11, 412 A.2d 1352, *cert. denied,* 84 N.J. 469, 420 A.2d 1296 (1980), a New Jersey court faced a question similar to the one which confronts us in this case. The New Jersey schools employed professionals who were hired on an "as needed" basis to provide individualized attention to those students needing improvement in their remedial skills. The state board of education held that these professionals were not "teaching staff members" and thus not entitled to tenure under the New Jersey statute providing tenure for teaching staff members. Although the court defined "teaching staff member" and not "teacher," we find that court's test appropriate for this case:

> "Whether a professional employee of a board of education qualifies as a teaching staff member eligible for tenure depends upon the nature of the employment tendered and accepted. This determination can only be made after an examination of the terms, conditions and duties of the employment and a consideration of the conduct of the parties."

412 A.2d at 1354–55. The court noted many areas in which the professionals were treated differently from teaching staff members. The plaintiffs had no written contract, were hired on an "as needed" basis, and were paid by the hour. They acted primarily as tutors giving remedial aid. They received no evaluations, although New Jersey law required evaluations for all teaching staff members. They never applied for membership in the teachers pension and annuity fund. Thus, the court held that they were not teaching staff members. *Id.* at 1355. Applying the New Jersey test approach here, we note that there were more similarities between Griffin and "regular" teachers than differences. Griffin had the same contract as other teachers. He fulfilled the same duties as other teachers. He was evaluated as if he were a teacher. He was a member of the teachers retirement system. The differences were that the school board announced

his hiring as for one year only and that his April 23, 1979, letter to the school board requesting a position for the following year was inconsistent with a position as a teacher, because a teacher is automatically rehired. These differences are not crucial because they merely relate to the length of Griffin's contract, and do not change the substance of his status as a teacher. Thus, Griffin is a teacher within the meaning of AS 14.20.207 and is entitled to the notice of non-retention.

AS 14.20.140(b) requires that "the employer shall notify the teacher of the non-retention by writing .... " When no notice form is specified, "any language in a timely written notice which fairly and reasonably informs the teacher that the district does not intend to renew the contract for the next year is sufficient." *State ex rel. Lambert v. Hastings*, 22 Or.App. 213, 538 P.2d 92, 93 (1975). *See Krahl v. Unified School District No. 497*, 509 P.2d 1146, 1151 (Kan.1973). When taken as a whole, the various communications between Griffin and representatives of the school district constitute the required notice.

First, the notice of position vacancies published by the school district in May, 1978, specified only one elementary teaching position and that position for only one year. Second, an evaluation letter dated November 30, 1978, and prepared by the principal in the school where Griffin was teaching noted that Griffin was "a replacement for a teacher who is on leave." Third, and most significantly, at the end of the school year, the superintendent decided that Griffin should receive a document from the Alaska Teacher's Retirement System entitled "Notification of Termination." This document was received by several teachers who were completing their employment with the school district. The document stated: "This is to certify that as of 5/25/79 I will/did terminate my employment with the Galena City School School [sic] District." It was signed by Griffin. Griffin alleges that before he signed this document he asked the superintendent whether "the document meant I was not coming back." According to Griffin the

superintendent responded, "No, it doesn't." We do not interpret this statement to negate the efficacy of the document as a notification of non-retention. The function of such a notice was merely to discharge the School District from the obligation to rehire Griffin for the coming year. It did not mean that Griffin might not be rehired by the School District, at the option of the district. It is in this sense that we construe the statement of the superintendent. By completing the Retirement System form, Griffin acknowledged what he had been told since beginning his application process with the school district: he was hired for only the 1978–1979 school year as a replacement teacher.

Although the school district waited until August 17, 1979, to inform Griffin that he would not be hired for the academic year beginning in the fall of 1979, Griffin had fair, reasonable, and timely notice that he could not expect to be retained for the 1979–1980 school year. His status once the employment relationship ended on May 25, 1979, was that of a hopeful applicant for the forthcoming academic year. *See Borman v. Sweetwater County School District No. 2*, 627 P.2d 1364 (Wyo.1981).

The judgment of the superior court is AFFIRMED.

RABINOWITZ, C. J., dissents.

COMPTON, J., not participating.

RABINOWITZ, Chief Justice, dissenting.

I disagree with the court's holding that the "various communications between Griffin and representatives of the school district constitute the required notice." Thus, I would reverse the superior court's grant of summary judgment in favor of the Galena City School District.

AS 14.20.140(b) requires the "employer" to provide written notice to a teacher of nonretention on or before the last day of the school term. In my view, none of the rationales advanced by the court in support of its affirmance of the superior court are persuasive.

Although the school principal's evaluation letter expressed her understanding that Griffin had been hired for one year only, she was not his "employer." There is no indication in the record that the principal was authorized to make nonretention decisions or that she had been given the authority by the Galena City School District to communicate to Griffin its decision not to retain him.

The "Notification of Termination" form that Griffin filled out reads in part: "This is to certify that as of 5/25/79, I will/did terminate my employment with the Galena City ... School District." In my view this form was intended to permit a teacher to convey notice of termination to the Alaska Teachers' Retirement System; it can not be reasonably read as conveying any sort of notice from the school district to a teacher. It strikes me that this fact, along with the superintendent's assurance that the form did not constitute notice of termination, precludes reliance on the document as a basis for sustaining the superior court's grant of summary judgment.

I also disagree with the court's reliance on the May 18, 1978 notice of position vacancies, which described the job for which Griffin had applied as a one year position. The employment contract which Griffin signed on June 21, 1978, is an integrated agreement. AS 14.20.140(b) is considered part of that agreement.

> [A]pplicable laws in existence at the time of the formulation of the contract and which the parties are presumed to know are incorporated into the contract and become a part of it as though they had been expressly set out in the contract.

*Skagway City School Board v. Davis*, 543 P.2d 218, 222 (Alaska 1975) (footnote omitted).[1] Thus, I would conclude that the contract the parties executed on June 21 required the school district to give timely notice to Griffin of its intention not to retain him. Since the school district failed to do so, I would reverse the superior court's entry of summary judgment in the school district's favor.

---

1. Thus, the notice provisions of AS 14.20.140(b) supersede any "antecedent understandings" which are inconsistent with it. *Kupka v. Mor-* ey, 541 P.2d 740, 747 n.9 (Alaska 1975). *See also Johnson v. Curran*, 633 P.2d 994 (Alaska 1981).