**Reda LOVAN, Plaintiff-Appellant,**

v.

**DORA R–III SCHOOL DISTRICT, Defendant-Respondent.**

**No. 13462.**

Missouri Court of Appeals, Southern District, Division Two.

Sept. 27, 1984.

J. Michael Payne, Limbaugh, Limbaugh, Russell & Syler, Cape Girardeau, for plaintiff-appellant.

R. Jack Garrett, R. David Ray, David H. Dunlap, Garrett & Ray, West Plains, for defendant-respondent.

PREWITT, Chief Judge.

Plaintiff sought reinstatement as a teacher and damages, contending that her employment with defendant was not legally terminated. The trial court denied her any relief and she appeals.

Plaintiff was a probationary teacher, see § 168.104(5), RSMo 1978, teaching kindergarten during the 1981–1982 school year. She contends that she was not given notice of termination of her employment as required by § 168.126, RSMo 1978, and as a result she should have been rehired for the next school year.* In 1982 the portions of the subsections of § 168.126 relevant here stated:

"2.     *  *  *

Any motion to terminate the employment of a probationary teacher shall include only one person and must be approved by a majority of the members of the board of education. A tie vote thereon constitutes termination. On or before the fifteenth day of April but not before April first in each school year, the board of education shall notify a probationary teacher who will not be retained by the school district of the termination of his employment.

3. Any probationary teacher who is not notified of the termination of his employment shall be deemed to have been appointed for the next school year, under the terms of the contract for the preceding year.  *  *  *  "

Plaintiff testified that on March 10, 1982, she was told by defendant's superintendent of schools, "that there needed to be a teacher dismissed and so after careful consideration he had decided that it would be me." The superintendent, the only other witness in the case, testified for defendant. His testimony includes the following:

"Q.  Did you have several people who were potential to be replaced?

A.  Yes, sir.

Q.  Was one of them Reda Lovan?

A.  Yes, sir.

Q.  Whom did you decide to let go amongst the teachers you had to choose from?

A.  Reda Lovan.

---

* Sections 168.104 and 168.126 have since been amended. See RSMo Supp.1983.

Q. When did you first tell her about that?

A. On the 10th of March."

The superintendent also testified that on April 8, 1982, at a faculty meeting where plaintiff was present, Lyman Smith "wanted to discuss the elimination of her [plaintiff's] position." The superintendent said he refused to discuss it with him. Following the meeting the superintendent testified that plaintiff "spoke with me in what I characterize as an apologetic manner, stating she didn't realize Lyman was going to bring this topic up and want to discuss it. She also stated that some of the toys in the kindergarten room belonged to her and she was taking them. She didn't want us to feel she was swiping the school's toys. She stated she would like to know why she was chosen and I reiterated it was a matter of preference."

When she testified in the presentation of her case plaintiff denied receiving any notice of termination between April 1st and April 15th. In rebuttal she stated she remembered "apologizing for Lyman", but did not recall anything else about her employment being discussed following the faculty meeting on April 8, 1982.

Plaintiff claims that she did not get proper notice as she was not notified of termination between the period not before April 1st or after April 15th. Defendant contends that she was properly notified because she knew during that period that she would not be retained and was also notified again on April 8, 1982.

The trial court was not requested to and did not make any findings of fact. Defendant, stating that all fact issues shall be considered as having been found in accordance with the result reached, Rule 73.-01(a)(2), contends that the trial court might have found that the April 8th conversation testified to by the superintendent occurred and that it was sufficient notice during the required period.

Plaintiff contends that the conversation testified to by the superintendent, even if believed, was insufficient to comply with the statute because he did not tell her she would not be retained by the school district or that her employment was terminated and "did not definitely notify Mrs. Lovan of anything."

Because the statute requires that the notice be given at a different time, the conversation of March 10th has no relevance except as it might make understandable the conversation of April 8th. The March 10th notice was not during the statutory period and the decision to terminate plaintiff could have changed between then and the time the statute requires that the notification be given. If the conversation of April 8th was sufficient, as it may have been understandable by knowledge of the March 8th conversation, then defendant is correct. If not, plaintiff did not receive proper notice.

■ As § 168.126.2, RSMo 1978, does not prescribe a particular form for notice of termination, any language which reasonably would be understood to mean that the teacher's employment will be terminated is sufficient. *Griffin v. Galena City School District*, 640 P.2d 829, 832 (Alaska 1982); *Krahl v. Unified School District No. 497*, 212 Kan. 146, 509 P.2d 1146, 1150 (1973); *State ex rel. Lambert v. Hastings*, 22 Or. App. 213, 538 P.2d 92, 93 (1975); 78 C.J.S. Schools and School Districts § 197, p. 1066.

■ Plaintiff admittedly knew following the conversation of March 10th that the school district had decided to terminate her employment. If the conversation on April 8, 1982 took place, as we must presume the trial court found that it did, then plaintiff was told during the required period that she was not going to be reemployed. Contrary to plaintiff's contention, the superintendent's answer on April 8th does give her further information. Following his answer she should clearly understand that the pri-

or decision had not been changed and was still in effect. The superintendent's response can only be reasonably construed as confirming that plaintiff would not be rehired. The requirement of the statute that she be informed of this between the period not before April 1st or after April 15th was met.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.