Diane BATES and Leonard Bates *v.* Billie REYNOLDS

88-304                                          771 S.W.2d 774

Supreme Court of Arkansas
Opinion delivered June 26, 1989

*Ben Seay*, Legal Services of Arkansas, for appellant.

*John D. Lightfoot*, Deputy Prosecuting Att'y, for appellee.

STEELE HAYS, Justice. The Probate Court of Union County, Juvenile Division, on the complaint of Billie Reynolds, found that Jackie and Daniel Christian were dependent and neglected minors. The Christians are the children of appellant, Diane Bates, and the stepchildren of appellant, Leonard Bates. A temporary order was issued making these children wards of the state and authorizing a juvenile officer to take custody of them pending further orders. Both children were examined by a physician and X-ray photographs were taken at a cost of $244.

Some months thereafter the probate court, without a hearing or notice, ordered that the appellants be responsible for payment of the costs of the X-rays. Appellants moved to vacate the order and the motion was denied upon a finding that Ark. Code Ann. § 9-27-355(b) empowers the probate court to compel parents of dependent-neglected children to pay such costs.

Appellants have appealed, alleging that it was error to order them to pay expenses incurred in examinations for possible physical abuse of their children, and that the trial court did not have subject matter jurisdiction to order the appellants to pay for these examinations because the order violated due process and emanated from a void petition and orders. Finding merit in the first point, we do not reach the second.

Appellants concede that Ark. Code Ann. § 9-27-355 (1987), gives juvenile courts the power to order a parent or guardian to pay the costs of health care when the physical, mental or emotional condition of any juvenile requires it. They contend,

however, that the costs of X-rays in this instance were incurred, not in providing health care, but for the purpose of investigating suspected physical abuse. Investigative costs, they contend, are dealt with in Ark. Code Ann. § 12-12-506 (1987), which provides:

> (a) Any person who is required to report cases of child abuse, sexual abuse, or neglect may take or cause to be taken, *at public expense*, color photographs of the areas of trauma visible on a child and, if medically indicated, cause to be performed radiological examinations of the child. [Our emphasis.]

■ We must sustain the argument. Since the order directing appellants to pay these costs was entered without a hearing, we have nothing other than the express language of the order itself, which supports the conclusion that the X-ray photographs were taken to determine whether evidence of child abuse existed. The pertinent provisions read:

> 2. The two children were ordered examined *for possible physical abuse* and were examined at Union Medical Center, El Dorado. [Our emphasis.]

> 3. The parents of the children, Diane and Leonard Bates, are responsible for payment of the costs incurred in the examination, the cost of Union Medical Center now having a balance of $244.00. A copy of the statement from Union Medical Center showing a balance of $244.00 is attached.

■■ At the time of these proceedings, juvenile court was a court of limited jurisdiction, possessing only such powers as were expressly conferred by law. *Robinson v. Shock*, 282 Ark. 262, 677 S.W.2d 956 (1984); *Minetree v. Minetree*, 181 Ark. 111, 26 S.W.2d 101 (1939); *Jennings v. Ft. Smith District of Sebastian County*, 115 Ark. 130, 117 S.W. 920 (1914). That being so, we are not willing to assume the finding that the children were examined "for possible physical abuse" means anything other than what the clear language conveys.

Reversed and remanded.

GLAZE, J., concurs.