Carol **BERHORST**, Plaintiff–Appellant,

v.

**MARIES COUNTY R–II SCHOOL DIS-TRICT**, Defendant–Respondent.

No. 16894.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 25, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court
Denied Feb. 19, 1991.

Sally E. Barker, Schuchat, Cook & Werner, St. Louis, for plaintiff-appellant.

W.H. Thomas, Jr., Thomas, Birdsong, Clayton & Haslag, P.C., Rolla, for defendant-respondent.

PREWITT, Judge.

Plaintiff was employed by defendant as a high school teacher from the 1985–86 through the 1987–88 school years. She was not offered a contract to teach there the next school year. Plaintiff filed a six-count petition, generally contending that she was improperly denied a teaching position. The trial court granted summary judgment in favor of defendant on five counts and determined there was no just reason for delay, making that order appealable. Rule 74.01(b).

In reviewing summary judgment under Rule 74.04, this court examines the record in the light most favorable to the party against whom summary judgment was rendered. *Dulany v. Missouri Pacific R. Co.,* 766 S.W.2d 645, 647 (Mo.App.1988). Summary judgment is proper only when no genuine issue of material fact exists. *Id.*

■ Plaintiff's contentions are discussed in the order stated in her brief. For her first point she contends that the trial court erred in entering summary judgment on Counts I and VI "because the facts material to the issue whether the board members considered plaintiff's performance-based evaluation in the manner required by Section 168.128 [RSMo 1986] are in dispute". Section 168.128 states:

**Teacher records, how maintained—evaluations, how performed and maintained.**—The board of education of each school district shall maintain records showing periods of service, dates of appointment, and other necessary information for the enforcement of sections 168.-102 to 168.130. In addition, the board of education of each school district shall cause a comprehensive, performance-based evaluation for each teacher employed by the district. Such evaluations shall be ongoing and of sufficient specificity and frequency to provide for demonstrated standards of competency and academic ability. All evaluations shall be maintained in the teacher's personnel file at the office of the board of education. A copy of each evaluation shall be provided to the teacher and appropriate administrator. The state department of elementary and secondary education shall provide suggested procedures for such an evaluation.

Plaintiff's evaluation by her principal showed her as meeting or exceeding defendant's expectations on all performance criteria. The reasons given by defendant for not rehiring plaintiff conflict with her evaluation.

In her brief plaintiff states that "[t]he pivotal question raised by Berhorst's lawsuit is whether a school district may ignore

a teacher's performance-based evaluation that is mandated by Section 168.128 R.S.Mo. In Counts I and VI of her Petition, Berhorst alleges that the District's disregard of her performance-based evaluation in reaching its decision not to renew her contract of employment violates that statutory provision." Defendant counters that the school board did not have to base its decision on just the evaluation but could also consider "complaints by students, parents and other teachers and information from children of Board Members and administrators who were students in classes of Plaintiff."

Plaintiff is a "probationary teacher" as defined in § 168.104(5), RSMo 1986. The term as defined is a teacher who has been employed full time in the school district for five successive years or less. Plaintiff acknowledges that prior to the enactment of § 168.128, 1983 Mo. Laws 451, a school board may decline to reemploy a probationary teacher "for any reason or no reason, as long as the non-renewal is not based on some ground impermissible under the Constitution." *St. Louis Teachers Union v. St. Louis Board of Education*, 666 S.W.2d 25, 27 (Mo.App.1984).

Plaintiff asserts that the rule allowing defendant to refuse to reemploy her for any reason was modified by the enactment of § 168.128. She contends that as she had a favorable evaluation under that section, she could not properly be terminated for a reason contrary to that evaluation. She also states that § 168.126.2, RSMo 1986, which was amended in the same act by which § 168.128 was adopted, grants her a cause of action for violation of § 168.128. Section 168.126.2 states in part that "a probationary teacher" may have "an action for actual damages ... for the deprivation of a right conferred by this act." [1]

Assuming, but not deciding, that the evaluation required by § 168.128 is a "right" for which an action may be maintained, this does not establish that plaintiff has such a cause of action. Plaintiff received an evaluation favorable to her and her claim is not that the evaluation was

erroneous but that it was ignored or found by the board to be erroneous. She contends that the legislature by enacting § 168.128 required that the evaluation be the criteria for reemployment as otherwise § 168.128 would be "virtually meaningless". Plaintiff states that this section, "particularly when viewed in light of the State Department's [Missouri Department of Elementary and Secondary Education] interpretation of it in the Guidelines, requires that professionally administered performance-based evaluations serve as 'a basis for fair, objective decision-making by local school districts.' "

Plaintiff argues that the interpretation of § 168.128 reflected by the Guidelines of the Department of Elementary and Secondary Education indicate defendant must follow the evaluations, citing authority that the construction of a statute by those charged with its administration is entitled to consideration by the courts. See *State ex rel. School District of Kansas City v. Young*, 519 S.W.2d 328, 333 (Mo.App.1975). That principle does not aid plaintiff as the Guidelines state that "[t]he ultimate goal of this evaluation model is to promote the improvement of instruction." The Guidelines also provide that their primary purpose "is to facilitate and improve classroom instruction" and "may serve as the basis for administrative decision making." Nowhere do they indicate that the evaluation must be considered in renewing contracts.

Plaintiff cites *Wilt v. Flanigan*, 294 S.E.2d 189 (W.Va.1982) and *Trimboli v. Board of Education*, 163 W.Va. 1, 254 S.E.2d 561 (1979). They are not helpful to plaintiff. They involved a specific West Virginia Board of Education policy which provided "that decisions about employees' change in status ... should be based upon such evaluation." *Trimboli*, 254 S.E.2d at 566.

■ Section 168.128 does not say that the evaluations are to be the only criteria within their scope, or even that they must be considered in determining employment. Had the legislature intended to so require

---

1. Section 168.126.2 was amended in 1990. 1990     Mo.Legis.Serv. 909–910 (Vernon).

they could have easily done so. When construing a statute, the legislative intent is to be determined from the language used in the statute and the words are to be considered in their plain and ordinary meaning. *In the Matter of C___ E___ R___*, 796 S.W.2d 423, 424 (Mo.App.1990). Section 168.128 does not require that the evaluation pursuant to it be considered or followed in renewing the contract of a probationary teacher. The trial court correctly granted summary judgment on Counts I and VI of plaintiff's petition. Point I is denied.

■ For her second point plaintiff asserts that the trial court erred in granting summary judgment on Count II "because the facts material to the issue whether the board members considered plaintiff's performance-based evaluation in the manner required by her contract of employment are in dispute". A paragraph in the contract stated:

The Rules and Regulations of the Board dated August 19, 1982, are hereby incorporated by reference into this Agreement as if fully set out herein and both the Teacher and the Board agree to be bound by them. By executing this contract the Teacher acknowledges receipt of a copy of these Rules and Regulations of the Board.

Plaintiff describes this count as "a straightforward breach of contract claim." She contends that her contract of employment incorporated by reference defendant's performance-based evaluation policy required by § 168.128 "and modeled after the Guidelines." Plaintiff states that the policy on performance-based evaluations adopted by defendant requires that defendant base decisions concerning a teacher's performance on the teacher's evaluations.

Plaintiff cites *Belcher v. Jefferson County Board of Education*, 474 So.2d 1063 (Ala.1985). There, a County Board of Education adopted a policy of evaluation which it was alleged they did not follow. Here, the procedure was followed, but a decision made not in accordance with the evaluation. The contract does not state and plaintiff has not otherwise shown that there

was any agreement by defendant to have the evaluation procedure be the only consideration for offering her a new contract.

There is nothing in the contract, § 168.128, or the Guidelines, which mandates that decisions on termination be based solely upon the evaluation. As earlier mentioned, the statutory section does not so state and the Guidelines only say that they "may serve as the basis for administrative decision making." There is no showing of an agreement that they be the only basis for termination. Compare also *Revelle v. Mehlville School District* R–9, 562 S.W.2d 175 (Mo.App.1978). Point two is denied.

■ Plaintiff brought Count III under 42 U.S.C. § 1983, contending that she "was deprived of her constitutionally protected right to due process before the taking of a protected property interest". Plaintiff states in her third point that the trial court erred in granting summary judgment on Count III "because the facts material to the question whether plaintiff had a protected property interest in her continued employment is in dispute". That fact is not in dispute as probationary teachers in Missouri do not have a property right to continued employment upon which to maintain such an action. *Derrickson v. Board of Education of City of St. Louis*, 703 F.2d 309, 314 (8th Cir.1983). To sustain a property interest procedural due process claim, plaintiff must have a "legitimate claim of entitlement" to continue the employment. *Derrickson*, 703 F.2d at 312. Point three is denied.

■ For her remaining point, plaintiff states the trial court erred in granting summary judgment on Count V "because, as a matter of law, defendant did not give plaintiff notice of nonrenewal of her contract within the time period required by Section 168.126–2, R.S.Mo." Section 168.-126.2, RSMo 1986 (amended, 1990 Mo.Legis.Serv. 909–910) states in part: "On or before the fifteenth day of April but not before April first in each school year, the board of education shall notify in writing a probationary teacher who will not be re-

tained by the school district of the termination of his employment." The third subsection of § 168.126 provides that any probationary teacher who is not so notified shall be deemed to have been appointed for the next school year.

Defendant's board of education voted not to renew plaintiff's contract on March 17, 1988. She was given a letter dated March 21, 1988, from Harold McCoy, defendant's superintendent of schools, stating:

"During closed session the Maries Co. R–II Board failed to award a contract to you for the 1988–89 school year."

Plaintiff responded that day with a letter stating:

In response to your letter on behalf of the Maries Co. R–II School Board, I would like to know the reason or reasons I was not selected to receive a contract to teach in the Maries Co. R–II School District during the 1988–89 school year. I feel it is only fair that you give reason for their decision since I received no warning that such action was considered prior to the letter I received from you this afternoon.

I would also like a copy of any evaluation materials that have been recorded this calender year. I requested copies at the time that Mr. Graves and I discussed and signed my summative evaluation. To this date, I have not received a copy of any materials. I have not seen a formal write-up of any evaluation Mr. Graves has done on my performance in my classroom this year.

A speedy reply will be greatly appreciated.

Plaintiff then received from the superintendent of schools a letter dated March 28, 1988, which stated:

This will confirm that your employment with the Maries County R–II School District will terminate at the end of this school year. The contract was terminated because in the opinion of the Board of Education you:

1.) Failed to communicate clearly with students. You did not always encourage students' questions and discussion. You also did not always respond positively to students' requests for help.

2.) Were inconsistent in giving students specific evaluative feedback so that they could correct their work and improve their work.

3.) Failed to re-teach when testing indicated that was appropriate.

4.) Failed to teach and explain to students at different levels.[2]

Plaintiff then sent a letter to the president of defendant's Board of Education stating:

I am respectfully requesting a hearing before the Maries Co. R–II Board of Education concerning the termination letter that I received on March 21, 1988.

Your consideration will be appreciated. I look forward to your response.

On April 7, 1988, plaintiff was sent, and apparently received that day or the next, a letter from the Superintendent of Schools saying:

A motion to render a hearing concerning the board's decision not to offer you a contract for the 1988–89 school term failed to gain approval during Monday's special meeting.

Plaintiff contends that the notice she received was prior to April 1 and that the letter of April 7 was insufficient to comply with the statute. The April 7 letter refers to the board's decision not to offer her a contract. It was sufficient. Section 168.-126.2 provides the notice "upon request" is to contain a statement of the reason or reasons for the termination. It is difficult to see how a request for the reasons could be made before the initial notice unless the teacher was anticipating such a result. In any event, the reasons were not requested following the April 7 letter and had been stated in the March 28 letter.

■ The correspondence exchanged before the April 7 letter can be considered in making more understandable the letter of April 7. See *Lovan v. Dora R–III School*

---

**2.** As plaintiff asserts, and as earlier stated here, these reasons appear contrary to her evalua-
tions. Count IV of her petition regarding these inconsistencies is still viable.

*District,* 677 S.W.2d 956 (Mo.App.1984). Under § 168.126.2, RSMo 1978, *Lovan* held that as it "does not prescribe a particular form for notice of termination, any language which reasonably would be understood to mean that the teacher's employment will be terminated is sufficient." *Id.* at 958. The letter of April 7 could hardly be interpreted as anything but notice that the board was not granting plaintiff a hearing or offering her a contract and she was so notified by that letter during the required period. This point is denied.

The order granting summary judgment on Counts I, II, III, V and VI of plaintiff's petition is affirmed.

MAUS, P.J., and CROW, J., concur.

