769 A.2d 1077

ANTHONY MERLINO, PLAINTIFF–APPELLANT, v. BOROUGH OF
MIDLAND PARK, MAYOR AND COUNCIL OF THE BOROUGH
OF MIDLAND PARK, MICHELLE F. DUGAN, AND DAVID
HEEREMA, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 27, 2001—Decided March 27, 2001.

Before Judges PRESSLER, KESTIN and ALLEY.

*Paul A. Massaro*, argued the cause for appellant.

*Thomas B. Hanrahan*, argued the cause for respondents (*Hanrahan and Robertelli*, and *Robert T. Regan*, attorneys; *Mr. Regan* and *Mr. Hanrahan*, of counsel and with *Christine M. Vanek*, on the brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

Plaintiff appeals from a judgment in favor of defendants entered after a bench trial. Plaintiff seeks to be restored to his position as municipal construction official, building sub-code official and building inspector, with back pay, retroactive benefits, damages, and attorneys fees. He has pled his claims based on State and federal statutes and pursuant to a theory of breach of employment contract.

Plaintiff was appointed to the position in 1990 for an initial four-year term expiring on June 3, 1994. As the expiration date neared, plaintiff inquired about reappointment. By operation of statute, reappointment to a second consecutive term conferred tenure:

> A construction official or subcode official in a non-civil service municipality shall be appointed for a term of 4 years and shall, upon appointment to a second consecutive term or on or after the commencement of a fifth consecutive year of service, ... be granted tenure and shall not be removed from office except for just cause after a fair and impartial hearing.

> [*N.J.S.A.* 52:27D–126 (b).]

Plaintiff learned eventually there was a difference of view among the mayor and council as to whether, based upon his performance during the initial term, he merited reappointment. A compromise was proposed in lieu of an up-or-down vote with the design of granting plaintiff a second term without the conferral of tenure: he would resign effective June 3, 1994, and be reappointed to a new four-year term commencing June 13, 1994. Plaintiff agreed to this plan and it was effected.

In May 1998, as expiration of that second term impended, the municipal council voted not to renew plaintiff's appointment. This civil action followed in which plaintiff claimed he was entitled to the benefit of the statute's tenure provision as a matter of public policy despite the understanding he had reached with the mayor and council in 1994. He also contended that he had been under duress to agree to the compromise plan.

The trial judge found it undisputed that the 1998 non-reappointment was accomplished without any of the protections afforded a tenured employee, *i.e.*, adequate notice of formal charges, a hearing, and a determination that there was just cause for removal. In his oral opinion, the judge analyzed what had occurred in 1994, stating:

The governing body suggested this plan, it gave the plaintiff the primary relief that he wanted, that was reappointment. If his primary relief was tenure then shame on the plaintiff for having that hidden agenda. But the governing body's plan was unmistakable in what it would do; ... its intent was to deprive the plaintiff of obtaining tenure at that time. But he received a valuable appointment in exchange therefor, he was given a second chance. * * *

And in light of what was happening ... I do not find that Mr. Merlino's will was overborne, that undue or unfair pressure was brought to bear. This was in some respects a settlement of a risk, the risk being that the governing body would vote in the absence of the plan and vote not to reappoint. Plaintiff obtained a certainty; he was aware he was obtaining the certainty, he obtained what he set out to obtain that night, there was no coercion, there was no duress....

* * *

[P]laintiff could have at any time said I do not go along with the plan and let's see where the votes fall. [It may] have turned out the way Mr. Merlino wanted plus, the plus being he would have been reappointed without a break in service and he would have had tenure. But nobody could have known that and there is nothing inappropriate about one hedging one's bet, one vouching for a sure thing rather than casting the die.

The judge concluded that plaintiff "did not have tenure in May and June 1998, and the discretionary decision of the governing body not to reappoint him was not arbitrary, capricious or unreasonable, was not violative of either the State Uniform Construction Code Act, its regulations," or any other provisions of law. Based on these determinations, judgment was entered for defendants.

Our view of plaintiff's rights under the tenure statute differs and, accordingly, we reverse.

We are, however, in substantial agreement with the trial judge's stated reasons at the close of plaintiff's case for dismissing the claims for breach of a contract of employment and for punitive damages. No contract of continuing employment had been established and no factual case had been made for the imposition of punitive damages under State or federal law.

In construing another tenure statute with a similar purpose and scheme, the Supreme Court furnished the basic guidance needed for applying *N.J.S.A.* 52:27D–126 (b) to the facts of this case:

It is now well settled that public employees and employers may not agree to contractual terms that contravene a specific term or condition of employment set by a statute. "If the Legislature establishes a specific term or condition of employment that leaves no room for discretionary action, then negotiation on that term is fully preempted." *In re IFPTE Local 195 v. State*, 88 *N.J.* [393, 403, 443 *A.*2d 187 (1982)]. We have specifically stated that the tenure provisions of *N.J.S.A.* 18A:28–5 constitute a mandatory contractual term that may not be waived or bargained away.

[*Spiewak v. Rutherford Bd. of Educ.*, 90 *N.J.* 63, 76, 447 *A.*2d 140 (1982).]

In *Spiewak*, the Supreme Court overruled an Appellate Division holding in *Point Pleasant Beach Teachers Ass'n v. Callam*, 173 *N.J.Super.* 11, 412 *A.*2d 1352 (App.Div.), *certif. denied*, 84 *N.J.* 469, 420 *A.*2d 1296 (1980), that teachers who had accepted "temporary employment" were unprotected by the tenure provisions of *N.J.S.A.* 18A:28–5 because they "had entered into contractual relationships with the board of education that were intended by the board and understood by the teachers to be temporary." *Spiewak, supra*, 90 *N.J.* at 76, 447 *A.*2d 140. The Supreme Court held:

The decision in *Point Pleasant* relies on the wrong legal principles. By focusing on the contractual relations between the parties and not the statutory criteria for tenure, the court in *Point Pleasant* overlooked the authority which holds that tenure is a legal right governed by statute rather than contract.

[*Ibid.*]

As the court concluded its resolution of the issue, it declared:

As a practical matter, the protection of tenure would be greatly reduced if it were subject to contract principles. If tenure were subject to contract, it would be

available to teachers only if school boards agreed to grant it to them. But the Legislature has explicitly mandated that teachers be granted tenure under certain conditions as a means to improve public education. Neither school boards nor teachers are free to disobey that mandate. Tenure is not dependent on agreement between the parties. Teachers are entitled to tenure because the Legislature has granted them that right.

\* \* \* \*

The language of *N.J.S.A.* 18A:28–5 is clear and unambiguous. The Legislature has granted the right to tenure to teaching staff members who fulfill the objective conditions listed in the statute. This right is not dependent on an agreement between the parties.

[*Id.* at 80–81, 447 *A.*2d 140.]

Patently, the purpose and purport of *N.J.S.A.* 52:27D–126 (b) pertaining to the tenure rights of construction and subcode officials are, except for matters of particular detail, identical to *N.J.S.A.* 18A:28–5, pertaining to the tenure rights of teachers. On questions regarding when and how tenure is conferred, there is no ground upon which the basic application and operation of the two statutes can be seen to be governed by different rules of law.

It is well to say, as the trial court did, that the parties should be bound by the agreement they made, but their arrangement cannot trump the clear requirements of law. By its plain terms, *N.J.S.A.* 52:27D–126 (b) confers tenure upon a covered official with only two alternative qualifying conditions, appointment to a second consecutive term or commencement of a fifth consecutive year of service. Neither the municipality nor the employee is empowered to vary the terms of the statute unilaterally and, as *Spiewak* holds, they may not do so bilaterally by contract or otherwise.

Plaintiff's service satisfied both alternative statutory requirements. His two four-year terms were indeed consecutive and were not rendered any less so by the ten-day hiatus designed to make them non-continuous. No other person served a term of any length in the office between plaintiff's two terms. Thus, the latter four years can only be seen, in the plainest statutory sense, as a "second consecutive term" and the first day of that second

term must be regarded as "the commencement of a fifth consecutive year[.]" *N.J.S.A.* 52:27D–126 (b).

The mechanism that was employed has the potential of entirely frustrating the manifest legislative design in enacting *N.J.S.A.* 52:27D–126 (b). If the statutory tenure grant could be so easily evaded, any municipality could forestall the conferral of tenure indefinitely simply by employing the same mechanism every four years. *Cf. Manchester Tp. Bd. of Educ. v. Raubinger,* 78 *N.J.Super.* 90, 96, 187 *A.*2d 614 (App.Div.1963). Without denigrating the trial court's finding that no duress occurred here, we observe simply that any official faced with the choice given to plaintiff at the end of his first term would be hard pressed to refuse the offer and opt for the relinquishment of office over the guarantee of continued employment for an ensuing four-year term.

If, by the unfettered judgment of those making the decision, plaintiff had not earned reappointment to his second term, it was incumbent upon the decision-makers so to declare. There were no impediments to the denial of a second term. By choosing, instead, to grant plaintiff a second term, even in a good faith effort to defer the tenure issue, the mayor and council came squarely within the terms of the statute and, by operation of law, conferred tenure upon the plaintiff. Any subsequent effort to remove him needed to conform with statutory requirements: "for just cause after a fair and impartial hearing." *Ibid.*

We reverse the trial court's disposition and remand for further proceedings in conformity with the requirements of this opinion, including a determination whether plaintiff is entitled to attorney's fees by reason of having pled a cause of action under 42 *U.S.C.A.* § 1983 or on any other basis. We affirm the trial court's dismissal of plaintiff's breach of contract cause of action and his claim for punitive damages. The remaining issue, challenging the trial court's ruling barring the testimony of a witness from the Department of Community Affairs on the validity of the action taken in 1994, is moot.

Affirmed in part; reversed in part; remanded.